Richard COVERT and Ruth
Covert, Plaintiffs,

v.

The ALLEN GROUP, INC., a Delaware
corporation, Defendant.

Civ. A. No. 84–K–1599.

United States District Court,
D. Colorado.

Nov. 26, 1984.

Kenneth J. Shakeshaft, Colorado Springs, Colo., for plaintiffs.

Michael W. Lillie, Hughes & Dorsey, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

The plaintiffs seek recovery because of the Allen Group's refusal to honor a promise to employ Richard Covert. He alleges that in reliance upon the Allen group's April 11, 1984, promise to employ him, he terminated his previous employment and sustained other financial and emotional injuries. Richard Covert seeks relief under the following separate counts: 1) bad faith breach of contract (which Covert now moves to rename as promissory estoppel); 2) negligence associated with the recision of the promise of employment; 3) willful and wanton negligence (sic); 4) outrageous conduct; 5) false representation; and 6) breach of a duty of good faith. These claims are not, however, based upon separate and alternative legal theories as plaintiffs suggest. Rather, the counts overlap and simply restate a single claim associated with a broken promise. In addition, in count seven Ruth Covert seeks recovery for loss of consortium.

Jurisdiction is based upon diversity of citizenship. The Coverts are citizens of Colorado and the Allen Group is a Delaware corporation with its principal place of business in New York.

The Allen Group moves to dismiss all but the fifth count of the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The Coverts also move to amend the complaint to rename count one as a claim based upon promissory estoppel.

■ Defendant admits that plaintiffs' pleadings adequately present a cause of action based upon promissory estoppel. *See Vigoda v. Denver Urban Renewal Authority,* 646 P.2d 900, 905 (Colo.1982). Thus, amending the complaint to rename the first count as a claim based upon promissory estoppel would not result in any undue delay or prejudice to defendant. Plaintiff's motion to amend the complaint is granted. *See* Fed.R.Civ.P. 15(a); *see also Sinclair v. Kleindienst,* 645 F.2d 1080, 1085 (D.C.Cir.1981). Moreover, the fifth count, alleging false representation, does not present facts supporting an allegation of tortious conduct. The fifth count merely clarifies the claims based upon promissory estoppel. Thus, taken together counts one and five present a single theory of relief.

■ All of the plaintiff's other counts, however, are dismissed for failure to state a claim upon which relief can be granted. *See, generally, Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Allen Group's actions may have been negligent, but they were not tortious. Although every contract contains an implied duty of good faith and fair dealing, that duty does not give rise to independent causes of action sounding in tort. *See, Hiatt v. Schreiber,* 599 F.Supp. 1142, 1145 (D.Colo.1984). Plaintiffs do not allege any facts which support a claim that the Allen Group owed the Coverts any legal obligation or duty other than that created by the alleged promise. Quite simply, the com-

plaint does not sufficiently allege commission of any wrong for which tort law provides redress. The second, third and sixth counts of the complaint are, therefore, dismissed. *See also Bloomfield Financial Corp. v. National Home Assur. Co.*, 734 F.2d 1408, 1414–15 (10th Cir.1984).

■ Richard Covert's fourth claim seeks recovery for intentional infliction of emotional distress. As the only factual basis for this claim, he alleges that he suffered emotional distress. Covert confuses damages with a cause of action. The cause of action focuses on the intentional and uncivil behavior of the defendant. *See Rawson v. Sears, Roebuck & Co.*, 530 F.Supp. 776, 780–81 (D.Colo.1982). To prevail, defendant need show that the outrageousness of defendant's behavior rises to a certain level determined by law. *Id.* Covert alleges no facts to support allegations of intentional and outrageous conduct. The fourth count of the complaint is, therefore, dismissed.

■ Ruth Covert seeks recovery for loss of consortium arising out of her husband's emotional stress. Usually, such claims derive from the separate personal injury allegations of the claimant's spouse. *See, e.g., Hernandez v. U.S.*, 383 F.Supp. 168, 173–74 (D.Colo.1974); *American Ins. Co. v. Naylor*, 101 Colo. 41, 70 P.2d 353 (1937). A cause of action for loss of consortium cannot arise out of a cause of action for breach of contract or the ancillary theory of promissory estoppel. Since each of Richard Covert's tort claims has been dismissed, Ruth Covert's derivative claim for loss of consortium must also be dismissed. *See Pioneer Constr. Co. v. Bergeron*, 170 Colo. 474, 462 P.2d 589, 592 (1969).

■ Punitive damages are not recoverable in suits based upon breach of contract. *See Hiatt*, at 1147 n. 3; *Bloomfield Financial Corp.*, 734 F.2d at 1414–15. Similarly, exemplary damages will not be awarded under the ancillary equitable theory of promissory estoppel. *See Vigoda v. Denver Urban Renewal Authority*, 646 P.2d at

905; *Defeyter v. Riley*, 671 P.2d 995, 998 (Colo.App.1983). Since all tort claims are dismissed, plaintiffs present no legal theory upon which punitive damages can be awarded. All claims for punitive damages are dismissed.

■ Finally, the Allen Group argues that the Coverts' tort claims were frivolous and that defendant is entitled to attorney fees, pursuant to Colo.Rev.Stat. §§ 13–17–101 to 106 (1984 Cum.Supp.), for expenses incurred in the motion to dismiss. The distinction between tort and contract claims is sometimes blurred. *See Hiatt.* Good faith attempts to establish new theories of law, particularly where the law is in flux, are not frivolous. The Colorado statutes were not intended to impede the development of new legal concepts. *See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984); *see also Morton v. Allied Stores Corp.*, 90 F.R.D. 352, 357 (D.Colo. 1981). Although not ultimately pursuasive, plaintiffs posited colorable claims in light of existing case law. The motion for attorney fees is denied.

IT IS, THEREFORE, ORDERED THAT:

1. The second, third, fourth, sixth and seventh counts of the complaint are dismissed;

2. All claims for punitive damages are dismissed;

3. The motion to amend the complaint to treat the first count of the complaint as a claim for relief based upon a theory of promissory estoppel is granted;

4. The motion for attorney fees is denied; and

5. Defendant shall file an answer to the complaint, as amended, within fifteen (15) days of the date of this order.