**Walter Scot BOIGEGRAIN, Plaintiff-Appellant,**

v.

**Michael L. GILBERT, Defendant-Appellee.**

No. 88CA1041.

Colorado Court of Appeals, Div. V.

Oct. 26, 1989.

Rehearings Denied Nov. 30, 1989.
Certiorari Denied April 2, 1990.

Walter Scot Boigegrain, pro se.

Hall & Evans, L. Richard Musat and Malcolm S. Mead, Denver, for defendant-appellee.

Opinion by Judge REED.

In this legal malpractice action, plaintiff, Walter Boigegrain, appeals a summary judgment of dismissal entered in favor of the defendant attorney, Michael L. Gilbert. We affirm.

Plaintiff hired defendant for several months during 1986 to attempt to negotiate, as an attorney on plaintiff's behalf, a new note and deed of trust for the refinancing of certain real property in which plaintiff was part owner or, in the alternative, to negotiate a surrender of the plaintiff's interest in the property by the execution of a deed in lieu of foreclosure, all under certain time constraints and other conditions demanded by plaintiff. When the transaction was not consummated as plaintiff desired, he brought this action against the defendant for negligent malpractice.

Both parties filed cross-motions for summary judgment. In a supporting affidavit, defendant stated that he had knowledge of the prevailing standards of legal practice in the Denver metropolitan area at the time in question and that his actions were in full compliance with those standards. Notwithstanding that plaintiff was given an extension of time to procure expert testimony that defendant had not met the applicable legal standards, no such evidence was ever obtained or submitted by the plaintiff, by affidavit or otherwise. Accordingly, defendant's affidavit of compliance with prevailing legal standards was not controverted by any expert testimony. Because of this lack of controverting evidence, the trial court granted the defendant's motion for summary judgment dismissing plaintiff's claim.

Plaintiff contends that the lack of expert testimony indicating a deviation from prevailing standards of legal practice was not

**850**

sufficient basis for entry of summary judgment. We disagree.

■ The measure of the duty owed by an attorney to his client is that he must employ that degree of skill, knowledge, and judgment ordinarily possessed by a member of the legal profession at the time the task is undertaken. *Myers v. Beem,* 712 P.2d 1092 (Colo.App.1985); *see also CJI–Civ.2d* 15:20 (1980).

■ We find no Colorado cases precisely on point as to the requirement of expert testimony in a legal malpractice case except that implicit in *Morris v. Geer,* 720 P.2d 994 (Colo.App.1986). However, drawing an analogy to medical malpractice cases, *see Mudd v. Dorr,* 40 Colo.App. 74, 574 P.2d 97 (1977), we conclude that except in clear and palpable cases, expert testimony is necessary to establish the standards of acceptable professional conduct, deviation from which would constitute legal malpractice. *Berman v. Rubin,* 138 Ga.App. 849, 227 S.E.2d 802 (1976); *see also* Annot., 14 A.L.R.4th 170 (1982); § 13–20–601 et seq., C.R.S. (1987 Repl.Vol. 6A).

■ Here, contrary to the argument of plaintiff, the claim of malpractice did not involve a simple factual circumstance or a dereliction of duty so palpable as to be apparent without the presentation of expert testimony on deviation from accepted professional standards. Rather, plaintiff's claim involved the review of defendant's efforts in attempting to negotiate a financial transaction with third parties over whom neither the plaintiff nor the defendant had any control. Under these circumstances, the ordinary knowledge of laypersons could not be relied upon to provide the requisite standard of care. *See Schmidt v. Hinshaw, Culbertson, Hoelmann, Hoban & Fuller,* 75 Ill.App.3d 516, 31 Ill.Dec. 357, 394 N.E.2d 559 (1979).

Accordingly, no genuine issue of material fact existed as to whether defendant had failed to meet accepted professional standards, and thus, the trial court was correct in entering summary judgment for the defendant. *See Meyer v. Schwartz,* 638 P.2d 821 (Colo.App.1981).

The judgment is affirmed.

METZGER and RULAND, JJ., concur.