A. Lonnie **BADIS** and A. Lynne **Badis,** individuals, and **J & L Ventures, Inc.,** a Colorado corporation, Plaintiffs–Appellants,

v.

Larry **MARTINEZ,** an individual, and Martinez & Allman, a Colorado partnership, Defendants–Appellees.

No. 90CA287.

Colorado Court of Appeals, Div. II.

May 9, 1991.

As Modified on Denial of Rehearing July 18, 1991.

Certiorari Granted Nov. 12, 1991.

---

Thomas J. Tomazin, P.C., Thomas J. Tomazin, Englewood, Colo., for plaintiffs-appellants.

White and Steele, P.C., Glendon L. Laird, Allan R. Singer, Lina C. George–Sauro, Denver, for defendants-appellees.

Opinion by Judge RULAND.

The sole issue on appeal is whether the trial court erred in entering a judgment dismissing the plaintiffs' complaint because a timely certificate of review was not filed in accordance with Colo.Sess.Laws 1987, ch. 101, §§ 13–20–602(1) through 13–20–602(4) at 549. We reverse and remand for further proceedings.

The relevant facts are not in dispute. Plaintiffs filed a complaint alleging that defendants, as former attorneys for plaintiffs, breached duties of due care and professional competency, breached a contract of employment, and breached certain fiduciary duties owed to plaintiffs in connection with the sale of business assets.

In the complaint filed by previous counsel for plaintiffs, plaintiffs acknowledged that a certificate of review was required pursuant to § 13–20–602.

As relevant here, § 13–20–602(1) provided:

"In every action for damages or indemnity based upon the alleged professional negligence of a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review ... within sixty days after the service of the complaint ... unless the court determines that a longer period is necessary for good cause shown."

However, no certificate was filed until sixty-two days after plaintiffs served the complaint on defendants.

As required by § 13–20–602(3), the certificate so filed verifies that previous counsel for plaintiffs has conferred with two professionals in the same area of expertise as the defendants and that those professionals confirm that plaintiffs' claim "does not lack substantial justification within the meaning of section 13–17–102(4)." The complaint was dismissed solely because the certificate was not filed within the sixty days required by § 13–20–602(1).

## I.

Plaintiffs contend that the trial court erred in its interpretation and application of the statute. We first address plaintiffs' contentions relative to the claim based upon the tort of negligence and, as to those claims, conclude that further findings by the trial court are necessary.

As part of tort reform legislation, the General Assembly enacted Colo.Sess.Laws 1987, ch. 101, §§ 13–20–601 and 13–20–602 at 549. *See* Salmon, *1988 Update on Colorado Tort Reform Legislation,* 17 Colo. Law 1719 (September 1988). The declared purpose as stated in § 13–20–601 is to require a certificate "in civil actions for negligence" against licensed professionals where "expert testimony *would be* necessary to establish a prima facie case." (emphasis added) *See Boigegrain v. Gilbert,* 784 P.2d 849 (Colo.App.1989).

The declaration thus recognizes that there are some types of negligence cases against licensed professionals in which expert testimony is unnecessary. *See Mudd v. Dorr,* 40 Colo.App. 74, 574 P.2d 97 (1977) (sponge not removed from patient in connection with surgery); *Kitto v. Gilbert,* 39 Colo.App. 374, 570 P.2d 544 (1977) (anesthesiology tube disconnected during surgery causing patient to injure eye).

In further recognition that cases would arise in which the plaintiff perceived no necessity for a certificate and the licensed professional was of the opposite view, § 13–20–602(2), provided:

"In the event of failure to file a certificate of review in accordance with this section *and* if the licensed professional defending the claim believes that an expert is necessary to prove the claim of professional negligence, the defense may move the court for an order requiring filing of such a certificate." (emphasis added)

In order to provide a sanction for noncompliance with the certificate requirement, the General Assembly stated in § 13–20–602(4) that:

"The failure to file a certificate of review in accordance with this *section* shall be grounds for dismissal...." (emphasis added)

Plaintiffs contend that dismissal of a negligence claim is triggered only if they fail to file a certificate after an order is entered pursuant to § 13–20–602(2) determining that a certificate is required. Defendants argue, on the other hand, that a failure to file within the sixty days required by § 13–20–602(1) mandates dismissal. We conclude that the statutory provision authorizing dismissal is ambiguous because it fails to indicate whether the dis-

missal may be triggered only under § 13–20–602(1), § 13–20–602(2), or both.

In resolving this ambiguity, we first consider the legislative intent as evidenced by the declared purpose of the statute in § 13–20–601. *See* § 2–4–203(1)(a), C.R.S. (1980 Repl.Vol. 1B). That review discloses an obvious intent to preclude negligence litigation against licensed professionals if expert testimony is necessary to establish a prima facie case and the required certification cannot be obtained by the claimant.

We next consider the rule of statutory construction which confirms that a just and reasonable result is intended by the General Assembly and the related concept that the consequences of any particular construction must be analyzed so as to avoid an unjust or unreasonable result. *See* § 2–4–203(1)(e) and § 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B).

Based upon these guidelines, we conclude that a dismissal is authorized under either § 13–20–602(1) or § 13–20–602(2). However, we further conclude that an order of dismissal may not be entered until a determination has been made by the trial court that expert testimony is in fact required to establish a prima facie case of negligence.

To urge, as defendants do here, that the simple failure to file a timely certificate mandates dismissal leads to the unjust and unreasonable result that meritorious claims could be dismissed even if an expert's testimony was not required. A further consequence could be that a plaintiff would be deprived of an opportunity to amend the complaint in order to rely upon claims not involving negligence.

To accept plaintiffs' interpretation, on the other hand, that dismissal is required only if the licensed professional prevails under § 13–20–602(2) in obtaining an order for a certificate, would eliminate the sixty-day requirement in § 13–20–602(1). To avoid any uncertainty, a motion may be filed by the claimant under § 13–20–602(1) seeking judicial resolution of the certificate issue and an extended time frame within which to file the certificate if such is required.

Here, the trial court failed to address the issue of whether expert testimony is required. Further, despite their acknowledgment in the complaint that a certificate was needed, plaintiffs now contend that expert testimony is not required to establish a prima facie case in support of their claims. This state of the record, considered in light of our interpretation of the statute, presents issues that must be resolved by the trial court. *See Stone v. Chapels for Meditation, Inc.*, 33 Colo.App. 346, 519 P.2d 1233 (1974).

## II.

We next address plaintiffs' claims for breach of contract and breach of fiduciary duty. As to these claims, we conclude that § 13–20–602 does not apply.

A claim to recover damages for negligence is different than a claim for negligent breach of contract or a claim for breach of fiduciary duty. *See* 1 R. Mallen & J. Smith *Legal Malpractice* §§ 8.4, 8.7, & 11.1 (3rd ed. 1989); *Coon v. Ginsberg*, 32 Colo.App. 206, 509 P.2d 1293 (1973). The elements to be proven differ as well as the measure of recovery. *See Jardel Enterprises, Inc. v. Triconsultants, Inc.*, 770 P.2d 1301 (Colo.App.1988). As pertinent here, negligent failure to adhere to the authority granted an attorney by his client in preparing a legal instrument may constitute breach of contract while negligence in advising the client as to the legal effect of that instrument may be grounds for a tort claim.

The General Assembly has recognized, in connection with tort reform, that a distinction exists with reference to actions for negligence and other claims. *See* § 13–80–102.5, C.R.S. (1990 Cum.Supp.) (two-year limitation on actions against health care professionals applies to actions "alleging negligence, breach of contract, lack of informed consent, or other action arising in tort or contract"); § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A) (two-year limitation applies to "tort actions, including but not

limited to actions for negligence ... and tortious breach of contract"). Under these circumstances, it necessarily follows that § 13–20–602 does not apply to actions for breach of contract and for breach of fiduciary duty.

Because of our resolution of plaintiffs' other contentions as to the judgment of dismissal, we need not address whether a dismissal under § 13–20–602 is a dismissal with or without prejudice.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion. In those proceedings, plaintiffs may seek to demonstrate that good cause existed for the late filing because the statute does not mandate that this issue be resolved within the initial 60–day period. See § 13–20–602(1).

SMITH and JONES, JJ., concur.