Donzell Oliver **ROSENBERG,**
Plaintiff–Appellant,

v.

Virginia Lou **GRADY, Defendant–**
Appellee.

**Nos. 90CA2061, 90CA2134.**

Colorado Court of Appeals,
Div. C.

March 19, 1992.

As Modified on Denial of Rehearing
May 14, 1992.

Certiorari Denied Jan. 11, 1993.

Donzell O. Rosenberg, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jane R. Christman, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiff, Donzell Oliver Rosenberg, appearing *pro se*, appeals from a judgment dismissing his legal malpractice claim against defendant, Virginia Lou Grady. We affirm.

The amended complaint alleged that defendant, an employee of the State Public Defender's Office, had been appointed to represent plaintiff in a criminal matter and that her negligent legal representation of plaintiff resulted in his guilty plea and a twelve-year prison term. Approximately nine months after the complaint had been served, defendant filed a motion to dismiss the complaint because of plaintiff's failure to file a certificate of review pursuant to § 13–20–602(4), C.R.S. (1991 Cum.Supp.). The trial court granted the motion and dismissed the complaint.

I.

■ Plaintiff contends that the trial court erred in dismissing his complaint for failure to file a certificate of review. Although we are aware of the inconsistencies present in this area of the law, we perceive no error. *See* Phillips, *Tort or Contract: A History of Ambiguity and Uncertainty*, 21 Colo.Law. 241 (February 1992).

■ A *pro se* litigant who chooses to rely upon his own understanding of legal principles and procedures is required to follow the same procedural rules as those who are qualified to practice law and must be prepared to accept the consequences of his mistakes and errors. *Manka v. Martin*, 200 Colo. 260, 614 P.2d 875 (1980).

As relevant here, § 13–20–602(1), C.R.S. (1991 Cum.Supp.) provides that, in every action for damages based upon the alleged professional negligence of a licensed professional, the plaintiff's attorney must file with the court a certificate of review, as specified in the statute, within 60 days after the service of the complaint, unless the court determines that a longer period is necessary for good cause shown. Section 13–20–602(3), C.R.S. (1991 Cum.Supp.) specifies that such certificate must state that an expert in the defendant's professional field has been consulted and, upon review of the alleged facts, has concluded that the claim "does not lack substantial justification." Further, § 13–20–602(4), C.R.S. (1991 Cum.Supp.) provides that the failure to file a certificate of review shall result in the dismissal of the complaint.

In *Boigegrain v. Gilbert*, 784 P.2d 849 (Colo.App.1989), a division of this court held that, "except in clear and palpable cases, expert testimony is necessary to establish the standards of acceptable professional conduct, deviation from which would constitute legal malpractice." After the final judgment had been entered in this action, another division of this court held that an order of dismissal may not be entered pursuant to § 13–20–602 until the trial court has made a determination that expert testimony is in fact required to establish a prima facie case of negligence. *See Badis v. Martinez*, 819 P.2d 551 (Colo. App.1991) (*cert. granted* November 12, 1991).

Here, the record reflects that, in May 1990, the trial court issued an order stating that defendant was not required to file a responsive pleading to the amended complaint until plaintiff had complied with the requirements of § 13–20–602. The order further stated that the court would not rule

on plaintiff's motion to compel discovery until he had complied with those requirements. Therefore, the trial court implicitly made the findings which were not present in *Badis v. Martinez, supra*. Subsequently, the trial court granted plaintiff's motion for a thirty-day extension of time in which to comply with § 13–20–602.

Plaintiff then filed a handwritten "certificate of review," asserting that a licensed attorney had informed him that his claims were substantially justifiable within the meaning of the statute. Upon defendant's motion, the trial court issued an order pursuant to § 13–20–602(3)(b), C.R.S. (1987 Repl.Vol. 6A) requiring plaintiff to identify the licensed professional who had been consulted. In response to this order, plaintiff submitted the name of a licensed attorney to the trial court.

Thereafter, the named attorney filed a letter with the trial court stating that he had directly *refused* to make any certification about plaintiff's malpractice action against defendant. Defendant then filed a motion to dismiss the amended complaint for plaintiff's failure to file the required certificate pursuant to § 13–20–602(4), C.R.S. (1991 Cum.Supp.).

In November 1990, the trial court determined that plaintiff had not only failed to file a proper certificate of review within the time allowed by the court, but that he had also attempted to mislead the court by filing a knowingly false certificate. The trial court then granted defendant's motion to dismiss the complaint.

Based upon our review of the record, which reveals several matters alleged to be negligence committed by defendant, we conclude that the trial court's orders reflect an implicit determination that expert testimony was in fact required to establish a prima facie case of negligence in this action. *See Badis v. Martinez, supra*. Accordingly, we conclude that the trial court properly dismissed the complaint based upon plaintiff's failure to file a complying certificate of review after having been

granted an extended opportunity to do so. *See* § 13–20–602(4), C.R.S. (1991 Cum. Supp.).

## II.

We also reject plaintiff's contention that the trial court erred in denying his motion to compel discovery.

A motion to compel discovery is committed to the discretion of the trial court, and its ruling will be upheld on appeal absent a clear abuse of discretion. *Gagnon v. District Court*, 632 P.2d 567 (Colo.1981).

Here, the trial court deferred ruling on plaintiff's motion pending plaintiff's compliance with the statutory requirement to file a certificate of review. The trial court extended the time for plaintiff's compliance and denied the motion to compel only after plaintiff had filed a false certificate with the court.

Under these circumstances, compelled discovery was not warranted, and the trial court did not abuse its discretion in denying the motion.

Judgment affirmed.

NEY and VAN CISE,* JJ., concur.