Larry **MARTINEZ**, an individual, and **Martinez & Allman**, a Colorado partnership, Petitioners,

v.

A. Lonnie **BADIS** and A. Lynne **Badis**, individuals, and **J & L Ventures, Inc.**, a Colorado corporation, Respondents.

No. 91SC489.

Supreme Court of Colorado, En Banc.

Dec. 14, 1992.

---

Thomas J. Tomazin, P.C., Thomas J. Tomazin, Englewood, for petitioners.

White and Steele, P.C., Glendon L. Laird, Allan Singer, Lina George–Sauto, Denver, for respondents.

Justice KIRSHBAUM delivered the Opinion of the Court.

In *Badis v. Martinez*, 819 P.2d 551 (Colo. App.1991), the Colorado Court of Appeals reversed the trial court's judgment dismissing a complaint filed against petitioners Larry Martinez and Martinez & Allman, a partnership (the defendants), by respondents A. Lonnie Badis, Lynne Badis and J & L Ventures, Inc. (the plaintiffs). The Court of Appeals concluded that provisions of section 13–20–602, 6A C.R.S. (1987), requiring plaintiffs to file a certificate of review in civil actions against licensed professionals, are not applicable to two of the three claims asserted by the plaintiffs and that with respect to their third claim the

plaintiffs may establish good cause for failure to file such certificate within the time period provided by the statute.[1] Having granted certiorari to review the propriety of these conclusions, we affirm in part, reverse in part and remand with directions.

I

On July 6, 1988, A. Lonnie Badis and A. Lynne Badis, owners of J & L Ventures, Inc., filed a civil action asserting three claims against the defendants. The complaint alleged that during 1985 and 1986 Martinez represented the plaintiffs with respect to the sale of Ataraxia Photographics, Inc., a business operated and controlled by the Badises. The transaction also encompassed the sale of a building and certain real property owned by the Badises and the infusion of capital into J & L Ventures, Inc. from the proceeds of the sale. The complaint alleged that Martinez misinformed the plaintiffs about critical aspects of the transaction, that as a result the transaction was renegotiated, and that the plaintiffs suffered damages totaling $350,000 as a result of Martinez's conduct.

The complaint set forth three claims for relief: legal malpractice, breaches of fiduciary duties, and breaches of contracts.[2] The complaint also contained the following statement:

The foregoing [c]omplaint will be the subject of a certification pursuant to [§ 13–20–602, 6A C.R.S. (1987),] within the time required by that statute.

The complaint was served on the defendants on September 1, 1988. Sixty-two days later, on November 2, 1988, the plaintiffs filed a certificate of review "pursuant [to section 13–20–602, 6A C.R.S. (1987)]." The statute referred to in the complaint and in the certificate states as follows:

1. *See* C.A.R. 49.

2. The legal malpractice claim alleged that "defendants owed plaintiffs duties of due care and professional competency ... as measured by the applicable standard of professional care." The breaches of contracts claim alleged that the parties "had a certain agreement for the rendition of legal services and advice to plaintiffs, which agreements ... [included] covenants of perfor-

mance, warranties, and undertakings of duties as to the competency of the services and advice to be rendered." The breaches of fiduciary duties claim alleged that Martinez breached fiduciary duties to plaintiffs "requiring ... the exercise of due care in the performance of all responsibilities and obligations to the plaintiffs, including the rendition of counsel and advice necessary to the capitalization of J & L."

**Actions against licensed professionals—certificate of review required.** (1) In every action for damages or indemnity based upon the alleged professional negligence of a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review, as specified in subsection (3) of this section, within sixty days after the service of the complaint, counterclaim, or cross claim against such licensed professional unless the court determines that a longer period is necessary for good cause shown.

(2) In the event of failure to file a certificate of review in accordance with this section and if the licensed professional defending the claim believes that an expert is necessary to prove the claim of professional negligence, the defense may move the court for an order requiring filing of such a certificate. The court shall give priority to deciding such a motion, and in no event shall the court allow the case to be set for trial without a decision on such motion.

(3)(a) A certificate of review shall be executed by the attorney or the plaintiff or complainant declaring:

(I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and

(II) That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts relevant to the allegations of negligent conduct and, based on such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of [§ 13-17-102(4), 6A C.R.S. (1987)].

. . . .

(4) The failure to file a certificate of review in accordance with this section shall be grounds for dismissal of the complaint, counterclaim, or cross claim. § 13-20-602(1)-(4), 6A C.R.S. (1987).[3]

On August 31, 1989, after the plaintiffs' initial attorney had withdrawn due to a conflict of interest and after several motions had been filed by the parties with respect to discovery matters, the defendants filed a motion to dismiss the complaint pursuant to C.R.C.P. 37(d), 41(b)(1), 41(b)(2), and 121 § 1-10. The plaintiffs' timely filed a response to this motion.[4]

On September 21, 1989, the defendants filed a motion to dismiss the action on the ground that the plaintiffs failed to file a certificate of review within the time period required by section 13-20-602, 6A C.R.S. (1987). The plaintiffs timely filed a response to this motion. The response stated that the plaintiffs did not know why, over ten months before the filing of the defendants' motion, the certificate had been filed two days beyond the sixty-day period by prior counsel. The response requested denial of the defendants' motion on the ground of laches and an award of attorney fees to the plaintiffs for the cost of responding to the allegedly frivolous motion.

On November 7, 1989, the trial court entered a one-sentence order dismissing the action with prejudice for failure to comply with section 13-20-602. The plaintiffs appealed this ruling.

On appeal, the Court of Appeals first determined that some negligence claims filed against licensed professionals do not require expert testimony. Observing that section 13-20-602(2) recognized the fact

3. Section 13-20-602(4) was amended in 1989 to read as follows:
   The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim.
   § 13-20-602(4), 6A C.R.S. (1992 Supp.). This amendment is not applicable to this claim.

4. C.R.C.P. 37(d) provides sanctions for the failure of parties to attend depositions or respond to discovery requests. C.R.C.P. 41(b)(1) and (b)(2) authorize involuntary dismissal of a claim on motion by the defendant or the trial court. C.R.C.P. 121 § 1-10, authorizes dismissal of a civil action for failure to prosecute the case diligently. The record on appeal contains an undated, one-sentence order purporting to grant the motion. Although apparently filed with the minute desk on November 13, 1989, this order is not recorded on the register of actions and the parties did not receive copies thereof. The Court of Appeals determined that the order could not be deemed effective until the completion of this appeal.

that the parties to an action might disagree with respect to the necessity of expert testimony, the court held that the provisions of section 13–20–602(4) permit, but do not require, the dismissal of actions in which a certificate of review is not filed within sixty days of the service of the complaint. Concluding that section 13–20–602 did not apply to the plaintiffs' breaches of fiduciary duties and breaches of contracts claims, the court remanded the case to the trial court for a determination of whether expert testimony would be necessary to establish a prima facie case on the plaintiffs' negligence claim and, if so, to permit the plaintiffs to establish that good cause existed for the late filing of their certificate of review with respect to that claim.

II

■ Several well-established principles of statutory construction aid our resolution of the issues here presented. When interpreting statutes courts must effectuate the intent of the legislature. *State Bd. of Medical Examiners v. Saddoris*, 825 P.2d 39, 42 (Colo.1992); *Triad Painting Co. v. Blair*, 812 P.2d 638, 644 (Colo.1991); *In re M.S. v. People*, 812 P.2d 632, 635 (Colo. 1991); *Bynum v. Kautzky*, 784 P.2d 735, 737 (Colo.1989). Courts look first and foremost to the language of the statute itself to discern legislative intent. *R.E.N. v. City of Colorado Springs*, 823 P.2d 1359, 1364 (Colo.1992). It is presumed that the General Assembly intended that the entire statute be effective and that the result be just and reasonable. § 2–4–201, 1B C.R.S. (1980). With these principles in mind, we must determine whether, as the defendants assert, the plaintiffs' failure to file a certificate of review within the sixty-day time period established by § 13–20–602(1), 6A C.R.S. (1987), required the trial court to dismiss the complaint.

A

Section 13–20–602(1) provides that a certificate of review shall be filed within sixty days of the date of the service of the complaint unless the trial court "determines that a longer period is necessary for good cause shown." § 13–20–602(1), 6A C.R.S. (1987). The defendants first contend that the sixty-day filing requirement is applicable to every claim of professional negligence. We disagree.

■ The defendants' argument focuses primarily on the language of section 13–20–602(1). However, a statute must be construed as a whole, and courts must endeavor to give reasonable meaning to all provisions of a statute. *City of Florence v. Board of Waterworks of Pueblo*, 793 P.2d 148, 151 (Colo.1990); *Adams County Sch. Dist. No. 50 v. Dickey*, 791 P.2d 688, 691 (Colo.1990); *Charnes v. Boom*, 766 P.2d 665, 667 (Colo.1988); *City of Ouray v. Olin*, 761 P.2d 784, 788 (Colo.1988). Section 13–20–601 sets forth the purpose of the entire statutory scheme, as follows:

**Legislative declaration.** The general assembly hereby declares that, in enacting this part 6, the general assembly has determined that the certificate of review requirement should be utilized in civil actions for negligence brought against those professionals who are licensed by this state to practice a particular profession and regarding whom expert testimony would be necessary to establish a prima facie case.

§ 13–20–601, 6A C.R.S. (1987). This statutory language describes a particular class of claims against licensed professionals: those in which expert testimony is necessary to establish a prima facie case. Section 13–20–601(3) provides that the certificate of review must contain information supplied by an expert "in the area of the alleged negligent conduct." When read together, these provisions establish that the certificate of review is required only with respect to those claims of professional negligence which require the plaintiff to establish a prima facie case by means of expert testimony. Some claims of professional negligence do not require expert testimony. *See Daly v. Lininger*, 87 Colo. 401, 405, 288 P. 633, 636 (1930); *McCafferty v. Musat*, 817 P.2d 1039, 1044 (Colo.App.1990); *Boigegrain v. Gilbert*, 784 P.2d 849, 850 (Colo.App.1989); *Kitto v. Gilbert*, 39 Colo. App. 374, 383, 570 P.2d 544, 552 (1977);

*Mudd v. Dorr,* 40 Colo.App. 74, 76, 574 P.2d 97, 99 (1977).

This construction of the statute is further supported by a comparison of subsections 13–20–602(1) and –602(2). The first subsection requires a plaintiff to file a certificate of review within sixty days after the service of the complaint. The second subsection authorizes a defendant to request the trial court to order the filing of a certificate of review if the plaintiff has not complied with the requirements of the "section" and if the defendant "believes that an expert is necessary to prove the claim of professional negligence." When construed together, these subsections recognize that in some circumstances the parties might dispute whether an alleged claim of professional negligence requires proof by expert testimony. The disagreement would surface when a plaintiff elects not to file a certificate of review because the plaintiff has determined that no expert testimony is necessary to prove the claim. In that circumstance, a defendant who does not acquiesce in the plaintiff's determination is provided with a means to obtain early judicial resolution of the question.

■ The defendants suggest that the provisions of subsection 602(2) are operative only during the sixty-day period designated in subsection 602(1). The statute does not contain any language to that effect. Had the General Assembly intended to require a defendant to exercise the right to demand the filing of a certificate during the same time period the plaintiff is determining whether such certificate is required and, if so, obtaining the necessary expert certification, the General Assembly could have so provided. Furthermore, until the sixty-day period expires, a defendant would have no reason to incur the expense of preparing and filing a motion to compel. One purpose of the statute is to avoid unnecessary costs in defending professional negligence claims. The defendants' proposed construction of subsection 602(2) would hinder rather than further that purpose.

The defendants also argue that section 13–20–602(4), 6A C.R.S. (1987), providing

that "the failure to file a certificate of review in accordance with this section shall be grounds for dismissal of the complaint," applies only to subsection 602(1) and requires dismissal of the complaint because the plaintiffs did not file a certificate within the sixty-day period and did not within that period request an extension thereof. We disagree.

The language of section 13–20–602(4) refers to a failure to file a certificate pursuant to "this section," not to "subsection 602(1)." In adopting the statute, the General Assembly has created an interrelated series of procedural mechanisms to encourage efficient determination of disputes about whether the testimony of an expert is necessary to establish a particular claim of professional negligence. Because both subsections 602(1) and 602(2) are integral parts of that scheme, the ultimate sanction of dismissal cannot be construed to apply only to the particular procedure described in subsection 602(1).

It must be conceded that the relationship among subsections 602(1), 602(2) and 602(4) is not precisely delineated by the statute. In such circumstance, the statute should be construed as a whole to avoid any inconsistencies. *Climax Molybdenum Co. v. Walter,* 812 P.2d 1168 (Colo.1991); *A.B. Hirschfeld Press, Inc. v. City and County of Denver,* 806 P.2d 917 (Colo.1991); *Adams County Sch. Dist. No. 50 v. Dickey,* 791 P.2d 688 (Colo.1990). We must also be aware of the realities of the litigation process in seeking a reasonable construction of the statute in furtherance of the legislative intent.

■ With these principles in mind, we conclude that the statute may be construed as a whole to further the legislative purpose of encouraging early and cost-effective resolution of civil actions alleging claims of professional negligence by giving effect to all of the subsections thereof. Subsection 602(1) requires a plaintiff to file a certificate of review within sixty days of the service of the complaint for any claim based on allegations of professional negligence that requires expert testimony to establish a prima facie case. If a plaintiff

determines that expert testimony is not required, no certificate need be filed. If a plaintiff determines that expert testimony is required but that timely filing is not possible, the plaintiff must request an order extending the filing period, for good cause, which request should normally be filed within the sixty-day time period.[5]

■ A defendant in such an action need do nothing within the sixty-day period commencing with the service of the complaint. In most cases, the plaintiff will file a certificate or a motion to extend the time for filing within the sixty-day period because, as the General Assembly has recognized, expert testimony is required to establish a prima facie case of professional negligence in the great majority of such claims. In the event neither a certificate nor a motion to extend the filing period is filed within the sixty-day period, a defendant has two options: move, pursuant to subsection 602(4), to dismiss the case; or move, pursuant to subsection 602(2), to require the plaintiff to file a certificate. In either context, the plaintiff may demonstrate that no expert testimony is required. If the defendant files a motion to dismiss the case pursuant to subsection 602(4), the plaintiff may demonstrate that good cause exists for failure to comply with the time requirements of subsection 602(1).

■ In this case, the defendants filed a motion to dismiss the complaint, pursuant to subsection 602(4), over ten months after the certificate had been filed. The plaintiffs filed a response to the motion, asserting that the motion should be denied because not timely filed and noting that the certificate had been filed by prior counsel two days beyond the sixty-day period provided by subsection 602(1). The trial court's one-sentence order does not suggest any reasons for its decision to dismiss the entire complaint. In these circumstances, the trial court's order dismissing the plaintiffs' negligence claim must be vacated and the case must be remanded to that court with directions that the trial

court determine whether, under all relevant circumstances, good cause exists for extending the sixty-day filing period of subsection 602(1) with respect to that claim.

### B

The defendants contend that the Court of Appeals erroneously concluded that the provisions of section 13–20–602, 6A C.R.S. (1987), do not in any circumstances apply to claims of breach of fiduciary duty or to claims of breach of contract. We agree with this argument.

■ The filing requirements of the statute are applicable to "every action for damages or indemnity based upon the alleged professional negligence of a licensed professional." § 13–20–602(1), 6A C.R.S. (1987). As previously indicated, the General Assembly intended by this legislation to expedite the litigation process in cases filed against licensed professionals and to prevent the filing of frivolous actions in this area. The statute applies to all claims "based upon" alleged professional negligence. It does not apply only to "negligence claims." This language is sufficiently broad to include every claim which requires proof of professional negligence as a predicate to recovery, whatever the formal designation of the claim might be. *See Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 172 (Colo.1987). A more narrow construction of the statute would undermine the legislative intent to encourage expeditious resolution of all claims filed against licensed professionals alleging negligent professional conduct in which expert testimony is required.

Negligence claims are based on the premise that persons or entities have certain legislatively or judicially recognized general duties toward others and are required to act reasonably to fulfill those duties. *Dare v. Sobule*, 674 P.2d 960, 963 (Colo.1984); *Lembke Plumbing and Heating v. Hayutin*, 148 Colo. 334, 337, 366 P.2d 673, 675 (1961). Breach of fiduciary

---

5. We do not view the 60-day requirement of § 13–20–602(1) as jurisdictional. The statutory scheme recognizes that some flexibility in the application thereof is essential by granting the trial court authority to extend the filing period under compelling circumstances.

duty claims are in some, but not all, contexts basically negligence claims incorporating particularized and enhanced duty of care concepts often requiring the plaintiff to establish the identical elements that must be established by a plaintiff in negligence actions. *See* Dennis J. Horan & George W. Spellmire, *Attorney Malpractice: Prevention & Defense* 16–1 (1986). For example, unless a breach of a fiduciary duty claim is admitted by the defendant, the plaintiff alleging a breach of fiduciary duty arising from the attorney-client relationship must establish by means of expert testimony the applicable standard of care and the defendant's failure to adhere to that standard of care. *Davis v. Margolis*, 215 Conn. 408, 576 A.2d 489 (1990); *Barth v. Reagan*, 139 Ill.2d 399, 151 Ill.Dec. 534, 564 N.E.2d 1196 (1990); *Goebel v. Lauderdale*, 214 Cal.App.3d 1502, 263 Cal.Rptr. 275 (1989); *ABC Trans Nat'l Transp., Inc. v. Aeronautics Forwarders, Inc.*, 90 Ill. App.3d 817, 46 Ill.Dec. 186, 413 N.E.2d 1299 (1980).

Contract claims are based on the premise that parties may create duties to each other and are required by the common law to act reasonably to perform those mutually agreed upon obligations. *See Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041, 1043 (Colo.1983); *Metropolitan Gas Repair Serv. Inc. v. Kulik*, 621 P.2d 313, 317 (Colo.1981); *Denver Truck Exch. v. Perryman*, 134 Colo. 586, 592, 307 P.2d 805, 810 (1957). The duty to perform mutually agreed upon contractual obligations is not the equivalent of a generally recognized duty of care that forms the essence of negligence claims. *See Covert v. Allen Group, Inc.*, 597 F.Supp. 1268, 1269 (D.Colo.1984).

■ This description of the three claims asserted in the complaint leads to the conclusion that a breach of fiduciary duty claim arising from a professional relationship may require expert testimony even though the claim is based upon the fact of a professional relationship created by contract. It also suggests that a contract claim may or may not require expert testimony to establish essential elements thereof, depending on the particular duty allegedly breached.[6] We thus conclude, contrary to the determination of the Court of Appeals, that some breach of fiduciary duty claims and contract claims may be subject to the provisions of section 13–20–602, 6A C.R.S. (1987). The statute applies to all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the duty.

In this case, the plaintiffs acknowledged on the face of their complaint that the statute applies. They did not, however, specify whether it applied to all three of their claims. As the Court of Appeals aptly observed, the complaint is ambiguous with respect to the basis of the. contract claim. We cannot, therefore, determine on the basis of the pleadings whether the statute is applicable to the plaintiffs' breaches of contract claim.

■ The complaint is not ambiguous, however, with respect to the basis of the claims of breaches of fiduciary responsibilities. To establish the allegations of those claims, the plaintiffs must establish the extent of the alleged duties and the alleged failure of the defendants to conduct themselves in conformity with those duties by means of expert testimony. We thus conclude that section 13–20–602 is applicable to the plaintiffs' breaches of fiduciary duties claim. On remand, the plaintiffs may, of course, seek to establish that their failure to file the requisite certificate of review with respect to that claim was excusable for just cause.

### III

For the foregoing reasons, the judgment of the Court of Appeals is affirmed insofar

---

**6.** The Court of Appeals recognized this possibility. *See Badis*, 819 P.2d 551, 554 (Colo.App. 1991).

as it concludes that section 13–20–602, 6A C.R.S. (1987), requires the trial court to determine whether the plaintiffs' late filing of a certificate of review with respect to their claims of negligence can be excused for good cause in the circumstances of this case. The judgment of the Court of Appeals is reversed insofar as it concludes that said statute is not applicable to claims for breach of fiduciary responsibility and breach of contract. With respect to these two claims, the case is remanded to the Court of Appeals with directions to remand the case to the trial court for proceedings consistent with this opinion.

ERICKSON, J., specially concurs, and QUINN and VOLLACK, JJ., join in the special concurrence.

Justice ERICKSON, specially concurring:

I concur with most of the analysis of the court of appeals in *Badis v. Martinez*, 819 P.2d 551 (Colo.App.1991). In my view, the sole issue in this case is whether the failure to file a certificate of review required by section 13–20–602, 6A C.R.S. (1987), mandates the dismissal of the respondent's complaint pursuant to section 13–20–602(4), 6A C.R.S. (1987).[1] Subsection (4) was substantively amended in 1989 and the opinion in this case is of little practical significance because the only cases affected will be those filed prior to April 12, 1989, the effective date of the amendment.[2]

I agree with the majority that the court of appeals improperly concluded that the breach of contract and breach of fiduciary duty claims asserted by the respondent never require the filing of the certificate of review required by section 13–20–602.[3] However, I do not agree with the majority's extended discussion and analysis of the breach of contract and breach of fiduciary duty claims. Rather, I would remand the case to the trial court for further proceedings to determine whether either of the claims is in fact "based upon" negligence

1. Section 13–20–602 provides in pertinent part:

    (1) In every action for damages or indemnity based upon the alleged professional negligence of a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review, as specified in subsection (3) of this section, within sixty days after the service of the complaint ... against such licensed professional unless the court determines that a longer period is necessary for good cause shown. .

    (2) In the event of failure to file a certificate of review in accordance with this section and if the licensed professional defending the claim believes that an expert is necessary to prove the claim of professional negligence, the defense may move the court for an order requiring filing of such a certificate. The court shall give priority to deciding such a motion, and in no event shall the court allow the case to be set for trial without a decision on such motion.

    (3) A certificate of review shall be executed by the attorney for the plaintiff or complainant declaring:

    (I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and

    (II) That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts relevant to the allegations of negligent conduct and, based on such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justifica-

    tion within the meaning of section 13–17–102(4).

    . . . .

    (4) The failure to file a certificate of review in accordance with this section shall be grounds for dismissal of the complaint, counterclaim, or cross claim.

2. Section 13–20–602(4) now provides:

    (4) The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim.

    13–20–602(4), 6A C.R.S. (1992 Supp.). The General Assembly also amended subsections (1) and (3) in 1989.

    The plain wording of subsection (4) as amended requires dismissal if a certificate of review is not filed in accordance with section 13–20–602, provided that the plain wording of subsections (1), (2), and (3) are ignored.

3. In my view, under section 13–20–602(4), 6A C.R.S. (1987), a trial judge, in reviewing section 13–20–602 in its entirety, should not dismiss a claim for professional negligence until a determination has been made that expert testimony is required to establish a prima facie case of professional negligence. In certain instances, a breach of contract and breach of fiduciary duty claim may require that a certificate of review be filed pursuant to section 13–20–602. The court of appeals erred in holding that these two types of claims never require that a certificate be filed.

requiring expert testimony to establish a prima facie case. If either of the claims is a negligence claim requiring the filing of a separate certificate of review, I would allow the trial court discretion, consistent with this concurrence, to either order that a certificate of review be filed or to dismiss the respondent's claims against the petitioner.

As to the professional negligence claim which admittedly requires a certificate of review to be filed, I would hold that the statute which was in effect at the time the respondent's lawsuit was filed does not mandate, but does provide grounds for, dismissal of the respondent's claim of professional negligence because the respondent failed to file the certificate of review within sixty days.

Here, the certificate of review required by section 13-20-602(1), 6A C.R.S. (1987), was not filed until sixty-two days after the complaint was served on the petitioner. In accordance with the statute, the certificate which was filed verifies that the respondent's previous counsel conferred with two professionals with expertise in the area of the negligent conduct that was alleged in the complaint and that those professionals concluded that the claim did not lack substantial justification. *See* § 13-20-602(3), 6A C.R.S. (1987). Section 13-20-602(2), 6A C.R.S. (1987), permitted the petitioner, a licensed professional charged with negligence, to seek an order requiring that a certificate of review be filed in the event the respondent failed to file the certificate. Section 13-20-602(2), 6A C.R.S. (1987), also allowed the trial court, in its sound discretion, to determine the action necessary to insure that the petitioner was provided with the proper notice and information to defend against the respondent's claim of negligence.

If the respondent wilfully failed to comply with the sixty day filing requirement, dismissal of the claim could be ordered.

However, because the statute is structured to permit both the respondent and the petitioner access to the court to determine the need for a certificate of review, I believe that under section 13-20-602(4), 6A C.R.S. (1987), the trial judge's automatic dismissal for failure to comply with the sixty-day filing requirement was not justified in this case. Good cause for the delay in filing the certificate may have been established by the need of the respondent to obtain new counsel, however that issue must be resolved by the trial court on remand.

In my view, the trial judge in this case, applying the law that was then in effect, possessed the same discretion in ruling on the sanctions to be imposed for failure to comply with section 13-20-602, 6A C.R.S. (1987), that he had in addressing motions for sanctions under C.R.C.P. 37. Accordingly, the court of appeals properly remanded the issue of compliance with the statute to the district court for further proceedings. However, on remand, I would also require that the district court conduct further proceedings to determine whether either of the respondent's breach of fiduciary duty or breach of contract claims falls within section 13-20-602, 6A C.R.S. (1987), which would then require the filing of a certificate of review. In my view, section 13-20-602 is replete with inconsistent and contradictory terms that defy logical application and require reevaluation and amendment by our General Assembly.

I am authorized to say that QUINN and VOLLACK, JJ., join in this special concurrence.