Larry Gene **KELTON**, Plaintiff–Appellant,

v.

Claudia Curtis **RAMSEY**, Defendant–Appellee.

No. 96CA1844.

Colorado Court of Appeals, Div. IV.

May 14, 1998.

Rehearing Denied June 18, 1998.

Larry Gene Kelton, Pro Se.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jack M. Wesoky, Senior Assistant Attorney General, Denver, for Defendant–Appellee.

Opinion by Judge VOGT.

In this legal malpractice action, plaintiff, Larry Gene Kelton, appeals from the trial court's dismissal of his complaint against defendant, Claudia Curtis Ramsey. We affirm.

Plaintiff, who is currently an inmate in the Colorado Department of Corrections, filed a *pro se* complaint alleging that defendant committed professional malpractice while representing him in a criminal matter in her capacity as a state public defender.

### I.

Plaintiff first asserts that the trial court abused its discretion in denying his various motions to appoint a legal expert to complete a certificate of review for him. We are not persuaded.

Section 13–20–602, C.R.S.1997, provides that in an action against a licensed professional based upon negligence, the plaintiff must file a certificate of review stating that he or she has consulted with a person with expertise in the area of the alleged negligent conduct and that the expert has concluded the claim does not lack substantial justification. Failure to file such a certificate in cases where it is required results in the dismissal of plaintiff's complaint. *See Teiken v. Reynolds,* 904 P.2d 1387 (Colo. App.1995).

Plaintiff encountered difficulties in finding an attorney to provide him with a certificate of review, and therefore asked the court to appoint an attorney to do so for him. The trial court denied the motion, stating that there was no authority that would allow it to grant the requested relief. However, it granted plaintiff additional time to file his

certificate. Some seven months after the filing of the action, the trial court dismissed plaintiff's complaint for failure to file the certificate of review.

Contrary to plaintiff's argument on appeal, the trial court had no authority pursuant to CRE 706 to appoint an expert for him. CRE 706 by its terms contemplates the appointment of expert witnesses to assist the court in trial situations, not to provide legal assistance to a party. *See Massey v. District Court*, 180 Colo. 359, 506 P.2d 128 (1973) (appointed expert is not a partisan for one party, but is the court's witness); *see also Reilly v. United States*, 863 F.2d 149 (1st Cir.1988) (construing substantially identical federal rule as confined to court-appointed expert witnesses and not embracing expert advisors or consultants).

Plaintiff also argues that he was entitled to appointment of a legal expert under 28 U.S.C.A. § 1915(e)(1)(West Supp.1998). Even if we were to assume that that statute could apply to state proceedings, it would not entitle plaintiff to the relief he requested. The statute provides that the court "may request *an attorney to represent* any person unable to afford counsel" (emphasis added). Here, plaintiff sought an attorney to provide expert services in connection with a certificate of review, not counsel to represent him.

## II.

Plaintiff also contends that the trial court erred in dismissing his complaint because his claims did not require a certificate of review. We disagree.

Section 13–20–602 was intended to encourage expeditious resolution of actions filed against licensed professionals based upon negligent professional conduct in which expert testimony is required. The statute applies to all claims that require proof of professional negligence as a predicate to recovery, regardless of the formal designation of such claims. *See Martinez v. Badis*, 842 P.2d 245 (Colo.1992).

Except in the clearest cases, expert testimony is necessary to establish the standards of acceptable professional conduct in legal malpractice cases. *See Boigegrain v. Gilbert*, 784 P.2d 849 (Colo.App.1989).

Here, a review of plaintiff's complaint reveals that all his claims are based on defendant's alleged breach of her professional duties to provide effective assistance of counsel, and thus would require expert testimony to establish the extent of such duties.

We also reject plaintiff's argument that the trial court did not expressly find that a certificate of review was necessary in this matter. In response to defendant's motion to dismiss the complaint for failure to file a certificate of review, the trial court ordered that plaintiff file a certificate within 45 days. Thus, the trial court implicitly found that a certificate of review was necessary. *See Rosenberg v. Grady*, 843 P.2d 25 (Colo.App.1992).

The judgment is affirmed.

NEY and RULAND, JJ., concur.