25CA0477 Brown v Aurora Police 02-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0477
Arapahoe County District Court No. 24CV351
Honorable Thomas W. Henderson, Judge

Denzil Brown,

Plaintiff-Appellant,

v.

Aurora Police Department,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE SCHUTZ
Freyre and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

Denzil Brown, Pro Se

Peter A. Schulte, City Attorney, Hollie Birkholz, Assistant City Attorney,
Aurora, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Denzil Brown, appeals the district court's order dismissing his complaint against defendant, the Aurora Police Department (Department), for failure to state a plausible claim for relief under C.R.C.P. 12(b)(5).  We affirm the district court's judgment.

I.     Background and Procedural History

¶ 2     In November 2024, Brown filed a civil action stemming from alleged assaults perpetrated against him by Department police officers in September 2001.  Brown claimed the alleged assaults caused injuries that required extensive medical treatment and sought compensation for those injuries and expenses.

¶ 3     The Department moved to dismiss, arguing that Brown's claims were barred by the statute of limitations and therefore Brown failed to state a cognizable claim for relief.  The Department also sought reasonable attorney fees under section 13-17-201, C.R.S. 2025.

¶ 4     In response, Brown acknowledged that he had approached multiple attorneys over the years who, for various reasons, declined to pursue his case.  But he asserted that dismissal was not warranted because the officers allegedly engaged in racial profiling

and that dismissal under those circumstances would violate his civil rights.

¶ 5    The district court granted the Department's motion, finding that even taking all of Brown's allegations as true, because the alleged incident took place in 2001, it had "no choice but to grant the motion to dismiss because the lawsuit was filed after the applicable statute[] of limitation[s]," regardless of whether the one-year or two-year limitation period controls. *See* § 13-80-102(1)(a), (f), C.R.S. 2025 (two-year period of limitations for tort actions and actions against a "governmental entity or any employee of a public or governmental entity for which insurance coverage is provided"); § 13-80-103(1)(a), (c), C.R.S. 2025 (one-year period of limitations for assaults and actions against police officers).  The court also awarded the Department its reasonable attorney fees pursuant to section 13-17-201(1).[1]

---

[1] On appeal, aside from his argument on the merits of the dismissal, Brown does not challenge the district court's award of attorney fees, and the Department is not seeking an additional award of appellate attorney fees under C.A.R. 39.1.  We therefore do not address attorney fees.

## II. Failure to State a Claim

¶ 6    Brown argues that the district court erroneously granted the Department's motion to dismiss. We discern no error.

### A. Standard of Review and Applicable Law

¶ 7    We review a district court's ruling on a motion to dismiss under C.R.C.P 12(b)(5) de novo. *Bewley v. Semler*, 2018 CO 79, ¶ 14. "In doing so, we accept all factual allegations in the complaint as true, viewing them in a light most favorable to the plaintiff." *Id.* "Although a statute of limitations defense generally should not be raised on a motion to dismiss, such a defense may be considered . . . when the bare allegations of the complaint reveal that the action was not brought within the required statutory period." *Meyerstein v. City of Aspen,* 282 P.3d 456, 470-71 (Colo. App. 2011) (citations omitted).

¶ 8    To overcome summary dismissal for failure to state a claim, the burden is on the claiming party to prove "sufficient facts that, if taken as true, suggest plausible grounds to support a claim for relief." *Patterson v. James*, 2018 COA 173, ¶ 23 (citing *Warne v. Hall,* 2016 CO 50, ¶ 24); *see Warne,* ¶ 24 (adopting a pleading

standard that requires a complaint to allege plausible grounds for relief).

¶ 9     As noted, the general statute of limitations for tort actions, or actions against governmental entities or its employees for which insurance coverage is provided, is two years. § 13-80-102(1)(a), (f). And a separate one-year statute of limitations applies to assault claims and claims against police officers. § 13-80-103(1)(a), (c).

¶ 10    In general, "a cause of action for injury to person" accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." § 13-80-108(1), C.R.S. 2025.

### B.     Analysis

¶ 11    Brown's arguments on appeal are largely undeveloped and conclusory. He presents them as an "opening statement" and "closing argument," in which he attempts to litigate the underlying facts of the alleged assaults and his perceptions of allegedly improper police conduct. But Brown fails to provide record cites or any relevant authority to support his legal contentions. Moreover, he fails to identify any factual allegations or legal authorities that would justify his failure to timely file his complaint.

¶ 12    The Department responds by arguing that the district court did not err by dismissing Brown's complaint based on the expiration of the applicable statute of limitations and notes that Brown fails to demonstrate a viable basis for reversal.

¶ 13    We agree with the Department.  On appeal, as in the district court, Brown fails to acknowledge or present any excuse for his extraordinary delay in filing his complaint, nor does he present any evidence or argument that would support tolling the applicable statute of limitations.

¶ 14    While we acknowledge that unrepresented parties do not have legal training, an unrepresented litigant who chooses to rely on his own understanding of legal principles and procedures must "follow the same procedural rules as those who are qualified to practice law and must be prepared to accept the consequences of his mistakes and errors."  *Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶ 34 (quoting *Rosenberg v. Grady*, 843 P.2d 25, 26 (Colo. App. 1992)).  Therefore, Brown is obligated to support his contentions with "citations to the authorities, records, statutes, and parts of the record relied on."  *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010); *see* C.A.R. 28(a)(7)(B).  We will not "consider a

bald legal proposition presented without argument or development."
*Barnett*, 252 P.3d at 19.

¶ 15    Given the undisputed passage of more than two decades between the alleged assaults and Brown's filing of his complaint, and the absence of any developed argument on appeal, we discern no error in the district court's order granting the Department's motion to dismiss.

### III.    Disposition

¶ 16    The judgment is affirmed.

JUDGE FREYRE and JUDGE BROWN concur.

6