STATE of Minnesota, Respondent,

v.

Andrew David SCHOLBERG, Appellant.

No. C3–86–507.

Court of Appeals of Minnesota.

Nov. 4, 1986.

Review Denied Dec. 23, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Patrick W. Ledray, City Atty., St. Louis Park, Kenneth Potts, Asst. City Atty., Minneapolis, for respondent.

Robert V. Mannella, Babcock Locher Neilson and Manella, Anoka, Thomas W. Strahan, Minneapolis, for appellant.

Heard, considered, and decided by HUS-PENI, P.J., and PARKER and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Andrew Scholberg appeals from the trial court's judgment convicting him of trespass. We affirm.

## FACTS

This case was tried to the court on stipulated facts. Appellant was arrested under St. Louis Park Ordinance, Sec. 12–504, for trespassing on March 1, 1984, at Meadowbrook Office Building (Meadowbrook). Meadowbrook is part of a complex including Methodist Hospital. The office building has twenty-four commercial tenants, including a pharmacy, restaurant, optical shop, hearing aid service, barber and beauty shop, public stenographer, travel agency, day care center, and vocational placement for the state workers' compensation service. The building also offices 110 physicians and dentists.

Appellant distributed literature in the lobby of the building, an area the parties stipulate is private property. Appellant asked women entering the building if they were going to Meadowbrook Clinic. If they responded that they were, appellant handed them literature on alternatives to abortion and attempted to talk to them about his anti-abortion beliefs.

After receiving complaints, the building manager and its security personnel approached appellant and asked him to leave. Appellant had been asked to leave the premises on three prior similar occasions. On those occasions, the St. Louis Park Police advised appellant to confine his activities to the public sidewalk. When the police arrived on March 1, 1984, the building manager made one final request that appellant leave. Appellant refused to do so, asserting that he had a constitutional right to be in the building.

## ISSUE

Did the trial court properly convict appellant of trespass under St. Louis Park Ordinance, Sec. 12–504?

## ANALYSIS

*Appellant's Common Law Claim*

Appellant admits that he did not have Meadowbrook's express or implied consent to be on the premises. He claims that under common law he had a license to be in the Meadowbrook lobby for a lawful purpose.

Appellant was convicted of violating St. Louis Park Ordinance, Sec. 12–504, which states:

Whoever intentionally does any of the following is guilty of a misdemeanor:

\* \* \* \* \* \*

(5) Trespasses upon the premises of another and, without claim of right, refused to depart therefrom on demand of the lawful possessor thereof.

 The language of the St. Louis Park ordinance is identical to Minn.Stat. § 609.-605(5) (1984), and cases interpreting that statute are controlling. *State v. Brechon,* 352 N.W.2d 745 (Minn.1984) holds that in a trespass case brought under § 609.605(5), the State bears the burden of disproving that a defendant has a valid "claim of right" to be on the premises. If a defendant has a claim of right, he lacks criminal intent to trespass. *Id.* at 749–50. If the State's evidence shows a defendant has no claim of right, the burden shifts to the defendant to show he has a property right such as an owner, tenant, lessee, licensee, or invitee. *Id.* at 750. "Subjective reasons not related to a claimed property right or permission are irrelevant and immaterial to the issue of claim of right." *Id.*

One in possession of premises by permission of a tenant who is entitled to possession is not a trespasser but a licensee.

\* \* \* \* \* \*

A license is a mere power, authority, or personal privilege. It does not create an estate or interest in land \* \* \*. A licensee is one who has mere permission to use land, dominion over it remaining in the owner.

*State v. Hoyt,* 304 N.W.2d 884, 890 (Minn. 1981) (citations omitted). In *Hoyt* the supreme court held that, absent medical contraindication, a nursing home patient, not the nursing home staff, had the right to grant or revoke a visitor's license to visit the patient. In *Commonwealth v. Richardson,* 313 Mass. 632, 48 N.E.2d 678 (1943), the court held that tenants of an apartment building, not the owner, had the authority to grant Jehovah's Witnesses who were calling on the tenants a license to be on the premises. Appellant argues that these cases, read together, give the clinic's patients, not Meadowbrook's owner, the right to grant him a license to be on the premises for the purpose of communicating with them. We do not agree. The patients are invitees, and hold no right superior to the owner of the building, to grant appellant a license to be on the premises. The owner revoked appellant's license. We can find no authority to grant appellant a license to be on the premises absent the consent of the owner or the owner's agent.

Appellant's argument that the clinic's patients can grant him a license by contacting him ahead of time and inviting him to be on the premises at a certain time to express his views is not in point. Under the facts presented, appellant stood in the lobby. Some women would accept his literature and others would not, but the initial idea to enter and remain in the lobby was his. Those who, while on their way to the Meadowbrook Clinic, "accepted" appellant's literature, did not thereby grant him a legal right to be on the premises to distribute literature. Those merely going to a medical clinic for treatment or consultation do not become the legal equivalent of an owner or landlord for purposes of dispensing or withholding permission to be on the premises. Also, this not a case where building tenants specifically requested that appellant enter the premises to express his views to them or their clients.

 On three prior occasions appellant had been put on notice that he was not welcome to distribute literature or approach patients on Meadowbrook's private property. On each of these occasions the building manager and the security guards instructed him to leave and informed him that he could distribute his literature on the sidewalk. The sidewalk outside the building is public property and may be used to disseminate literature. *See Perry Education Association v. Perry Local Educators' Association,* 460 U.S. 37, 45, 103 S.Ct. 948, 954, 74 L.Ed.2d 794 (1983).

Appellant argues that he has a right to be on the property because Methodist Hospital is a public hospital and Meadowbrook, though private, is attached by a corridor to the hospital. He argues that "if the office building has hospital aspects, then, at least to that extent, it is public in nature by virtue of its public purpose." At trial appellant's attorney read the stipulated facts into the record. He stated:

It is further stipulated and agreed that during the course of the events of that day which gave rise to the arrest when *Andrew Scholberg was on property owned privately* that he was asked to leave and he refused.

At no time during the reading of the stipulated facts did appellant qualify this stipulation. He has cited no statute or case law which would support his position that he had a common law right to be on the premises.

He claims on appeal that the sign in the clinic stating that visitors could meet guests in the lobby gave him a license to be in the lobby. However, he also stipulated that his sole purpose for being on the premises was to communicate his views and that he had no intention of meeting any personal acquaintence who had business on the premises. The trial court properly concluded that appellant knew he was on private property, admitted that he knew he was on private property, and the court properly made that admission part of its holding.

### Appellant's Constitutional Claims

Appellant claims he has a constitutional right to be on the premises to exercise his right of free speech. The general rule is that a person is not afforded first amendment right to free speech on private property.

It is, of course, a commonplace that the *constitutional* guarantee of free speech is a guarantee *only against abridgement by government,* federal or state. * * * Thus, while statutory or common law may in some situations extend protection or provide redress against a private corporation or person who seeks to abridge the free expression of others, no such protection or redress is provided by the constitution itself.

*Hudgens v. National Labor Relations Board,* 424 U.S. 507, 513, 96 S.Ct. 1029, 1033, 47 L.Ed.2d 196 (1976) (emphasis added).

Appellant claims to fall within the exception to this rule of *Marsh v. Alabama,* 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946). In *Marsh,* the appellant was prosecuted for distributing religious literature on the sidewalks of a company-owned town. *Marsh* holds that the State cannot impose criminal punishment on an individual who distributes literature on the sidewalks and streets of a company-owned town. *Id.* at 509, 66 S.Ct. at 280. A person may be permitted to distribute literature on private property over the owner's objections only where the individual has no other reasonable opportunity to reach the intended audience. *See Hudgens,* 424 U.S. at 520, 96 S.Ct. at 1036 (1976). *Marsh* does not apply to these facts. Appellant had available nearby public property as a reasonable alternative to reach his intended audience.

In *Lloyd Corp., Limited v. Tanner,* 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972), union members were ejected from Lloyd Shopping Center for distributing handbills to shoppers in the mall. The supreme court rejected arguments similar to those made here by appellant, that the shopping center served a public purpose and was dedicated to public use. "The argument reaches too far. The Constitution by no means requires such an attenuated doctrine of dedication of private property to public use." *Id.* at 569, 92 S.Ct. at 2229.

"[O]ne of the essential sticks in the bundle of property rights is the right to exclude others." *Pruneyard Shopping Center v. Robins,* 447 U.S. 74, 82, 100 S.Ct. 2035, 2041, 64 L.Ed.2d 741 (1980). Here appellant stipulated that he was on private property. The constitutional guarantee of free expression does not apply to private

property. *Hudgens,* 424 U.S. at 513, 96 S.Ct. at 1033.

We hold that appellant has no constitutional right that would grant him a license to distribute literature or advise individuals on abortion on Meadowbrook's private premises without Meadowbrook's consent. He does not fall within the exception provided by *Marsh.* Appellant had a reasonable alternative public location in which to express his views.

### DECISION

The trial court properly found appellant guilty of trespass. Appellant had neither a common law right, nor a constitutional right to be on private premises over the owner's objections.

Affirmed.