**Ted Glen STEIGER, Personal Representative of the Estate of Edith Grace Steiger Phillips, also known as Edith Steiger Phillips, also known as Edith Grace Phillips, also known as Edith G. Phillips, also known as Edith Phillips, also known as Edith Steiger, Plaintiff–Appellant and Cross–Appellee,**

v.

**Robert C. BURROUGHS and Patricia Jo Burroughs, Defendants–Appellees and Cross–Appellants.**

No. 93CA0775.

Colorado Court of Appeals, Div. IV.

June 16, 1994.

Allen, Rogers, Metcalf & Vahrenwald, Thomas W. Metcalf, Fort Collins, for plaintiff-appellant and cross-appellee.

Paul A. Morris, Boulder, for defendants-appellees and cross-appellants.

Opinion by Judge HUME.

Plaintiff, Ted Glen Steiger, as Personal Representative of the Estate of Edith Grace Steiger Philips (decedent), appeals the declaratory judgment entered in favor of defendants, Robert C. and Patricia Jo Burroughs. Defendants cross-appeal the trial court's denial of pre-judgment damages. We affirm.

In the late 1970's, decedent began negotiating with Mr. Burroughs, an attorney, for the right to build a house on land that Burroughs and his wife owned jointly. Subsequently, the parties orally agreed that, while decedent could not buy the land, she could build a house there. Decedent erected a house and lived there for the rest of her life.

After decedent's death, plaintiff unsuccessfully attempted to purchase a parcel of land underlying and surrounding the house so that the estate could sell the property. Defendants asserted that the interest they had given decedent was for the duration of her life and refused either to sell the land or to buy the house. Plaintiff then brought this action for declaratory judgment.

## I.

Plaintiff contends that the trial court erred in determining that defendants did not breach a fiduciary duty to disclose to decedent that the interest which she had been granted was a life estate. We disagree.

### A.

First, we reject plaintiff's contention that a fiduciary relationship existed between Mr. Burroughs and decedent.

■ A fiduciary relationship exists when one person is under a duty to act or to give advice for the benefit of the other upon matters that are within the scope of the relationship. And, such a relationship may arise when one party occupies a position superior to that of the other and assumes a duty to act in the other's best interest. *Moses v. Diocese of Colorado*, 863 P.2d 310 (Colo. 1993).

■ Here, the trial court found, on supporting evidence, that, during the period when decedent sought permission to build the house, Mr. Burroughs was not acting as decedent's lawyer such that a fiduciary relationship would arise as a matter of law. *See Bailey v. Allstate Insurance Co.*, 844 P.2d 1336 (Colo.App.1992) (fiduciary relationship may arise as a matter of law if an attorney-client relationship exists).

There was evidence that Mr. Burroughs had prepared the following documents: a deed conveying a parcel of defendants' jointly-owned land to decedent, a quitclaim deed conveying the property back to defendants, and an application for a well permit. These documents were prepared to enable decedent to obtain a building permit, obtain water for the property, and sever the improvements from the underlying land for property tax assessment purposes.

There was also evidence that decedent knew she did not own the land underneath her house. An attachment to her will stated that "the land under the house is an arrangement we made (he [Burroughs] owns it), as this was the only way I could build the house in Weld County at this site."

Hence, there is adequate evidence in the record to support the trial court's finding that decedent knew her right to use the property was limited to her lifetime. Accordingly, we conclude that Burroughs owed no duty to advise her in that regard.

### B.

■ We also reject plaintiff's contention that a confidential relationship existed between the parties which imposed fiduciary duties upon Mr. Burroughs.

■ A confidential relationship may arise if a plaintiff shows that he or she reposed a special trust or confidence in the defendant, that the reposition was justified, and that the defendant either invited or ostensibly accepted that trust. *First National Bank v. Theos*, 794 P.2d 1055 (Colo.App.1990).

Here, the trial court found that, since decedent received precisely what she had expected out of the transaction, plaintiff failed to prove that she had reposed any special trust or confidence in Mr. Burroughs. The trial court's findings are supported by the record, and hence, we perceive no error.

## II.

■ Plaintiff next contends that the trial court erred in not granting him equitable relief. We disagree.

■ Equity may intervene to fashion a remedy if a defendant has violated a plaintiff's substantive rights and there exists no adequate remedy at law. This concept has been expressed in the maxim: "There can be no wrong without a remedy." *Federal Deposit Insurance Corp. v. Mars*, 821 P.2d 826 (Colo.App.1991).

Here, since we have concluded that there was no fiduciary or confidential relationship between Mr. Burroughs and decedent or other basis for the imposition of an equitable duty, no wrong has been demonstrated to invoke the imposition of an equitable remedy. Accordingly, we perceive no error.

### III.

■ Lastly, plaintiff contends that the trial court erred in denying his motion for a new trial. He contends the judge should have disqualified himself from the original trial because of his familiarity with Mr. Burroughs and a defense witness. We disagree.

Plaintiff asserted, both in his brief and his attorney's affidavit supporting his motion for new trial, that during the course of the trial it had become obvious that the judge was quite familiar with Mr. Burroughs who, apparently, had practiced before the judge on numerous prior occasions. He further asserted that, upon his return from the noon recess, Mr. Burroughs and the judge were joking about matters of common interest unrelated to the case.

Plaintiff also alleged that the judge appeared to know well the only non-party witness because he had been a party in a complex case before the judge several years earlier.

■ In a civil case, it is within the trial court's discretion to determine whether disqualification is warranted, and its ruling will not be disturbed on review absent abuse of that discretion. A judge must accept as true statements in affidavits offered to support disqualification and determine only the legal sufficiency of those averments. Allegations of opinion or conclusions, unsubstantiated by facts supporting such reasonable inferences, are legally insufficient. *Goebel v. Benton,* 830 P.2d 995 (Colo.1992).

■ However, a motion and affidavits are legally sufficient if they state facts from which it may reasonably be inferred that the judge is biased or prejudiced so that he or she will be unable to deal fairly with the party seeking recusal. *People v. Botham,* 629 P.2d 589 (Colo.1981).

Here, the motion and affidavits merely stated that the judge was familiar with the witnesses. We conclude that, without more, these allegations are insufficient to support any reasonable inference of improper bias, prejudice, or intent on the part of the court. Accordingly, the trial court did not abuse its discretion in denying plaintiff's motion for new trial and refusing to disqualify himself.

### IV.

■ On cross-appeal, defendants first contend that the real parties in interest are the devisees and that, therefore, plaintiff did not have standing to bring this action. We disagree.

■ The real party in interest is the party who, by virtue of substantive law, has the right to invoke the aid of the court to vindicate the legal interest in question. *Goodwin v. District Court,* 779 P.2d 837 (Colo.1989).

■ A personal representative's powers include the authority to bring suit on behalf of the estate's beneficiaries. Thus, except for proceedings that do not survive the decedent's death, a personal representative has the same standing to sue as the decedent had immediately prior to his or her death. Section 15–12–703(4), C.R.S. (1987 Repl.Vol. 6B); *Fry & Co. v. District Court,* 653 P.2d 1135 (Colo.1982). Hence, we conclude that plaintiff, as personal representative, had standing to bring this action and to appeal the adverse judgment entered thereon.

### V.

■ Defendants next contend that the trial court erred in determining that damages would begin to accrue in May, 1992 for plaintiff's continuing trespass. They contend that damages should accrue from the date that plaintiff refused their demand for the removal of the house. We reject defendants' contention.

Restatement (Second) of Torts § 177 (1965) provides that:

If the possessor consents to the presence on the land of a thing which is to be removed at some time thereafter, and if such consent is terminated or suspended,

**136**

one entitled to the immediate possession of the thing is privileged, as against such possessor ... to be on the land at a reasonable time for the purpose of removing the thing in a reasonable manner and with reasonable promptness, unless he knows or has reason to know the time of such termination or suspension a reasonable period in advance.

 What constitutes a reasonable time depends upon the circumstances, including the size and condition of the object to be removed, the time of year, weather conditions, the facilities available in the community for moving the object, and the period prior to the termination of the consent, if any, in which the actor had notice of the termination. Restatement (Second) of Torts § 177, comment e (1965).

■ A trial court's findings of fact are binding on review if they are supported by the record. *Wright v. Horse Creek Ranches,* 697 P.2d 384 (Colo.1985).

Here, the object to be moved was an 1800 square foot house. The consent for its presence was terminated because of a death, and the order to remove it was entered in January 1992. Further, the nature of decedent's interest was in question until it was determined by the court.

Apparently, the trial court found that defendants' demand did not become effective until the nature of decedent's interest had been resolved. The trial court then determined that four months was a reasonable period within which to remove the house before defendants were entitled to damages. These findings are supported by the record; hence, we will not disturb the trial court's ruling.

### VI.

Lastly, defendants contend that plaintiff's appeal is frivolous and that, therefore, they should be awarded attorney fees. We disagree.

■ If an appeal is pursued under circumstances involving neither egregious conduct nor bad faith, an award of attorney fees is not appropriate. *Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993).

The judgment is affirmed.

DAVIDSON and BRIGGS, JJ., concur.