**Donald L. SAMMONS, d/b/a Lone Tree Truck & Travel, Appellant (Defendant),**

v.

**AMERICAN AUTOMOBILE ASSOCI-ATION, a Connecticut Corpora-tion, Appellee (Plaintiff).**

No. 95–177.

Supreme Court of Wyoming.

March 6, 1996.

Rodger McDaniel, Cheyenne, for appellant.

S. Gregory Thomas of Patton & Davison, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Following the American Automobile Association's (AAA) petition, the district court permanently enjoined Appellant Donald Sammons (Sammons) from charging an access fee to its business invitees who use AAA towing services. Sammons appeals the order on the grounds that requiring him to permit AAA to tow customers from his property interferes with his property rights.

We affirm.

## ISSUES

Sammons presents these issues:

*Issue No. 1.* Does the American Automobile [Association] acquire the right to use Appellant's land when it enters into contracts with third parties obligating itself to provide road services to those persons?

*Issue No. 2.* If the Appellant business invites the public onto its property to provide a certain service, is it compelled to allow competitors to use its property to provide that service to customers who choose a competitor over the Appellant?

*Issue No. 3.* Does the status of a customer of the Appellant as a business invitee entitle the customer to invite Appellant's competitors onto his property to conduct business?

*Issue No. 4.* Is the Appellant property owner entitled to charge competitors a reasonable access fee to use his property to provide services to its customers?

AAA presents this issue:

Whether the District [Court] erred as a matter of law when it entered summary judgment in favor of Appellee American Automobile Association on Appellee's claim for permanent injunction.

## FACTS

As the district court found, the facts in this case are not in dispute. Lone Tree Truck and Travel is a convenience store and service station with a tow truck operation owned by Sammons and located in Buford, Wyoming, on Interstate 80. It is the only convenience store and service station between Cheyenne and Laramie. AAA is a nationally known corporation which provides, among other things, roadside assistance and towing services to its members in return for a paid membership fee. AAA provides this service by contracting with tow truck operators throughout the country. AAA currently has seven contracts with tow truck operations in Laramie County and two in Albany County. Sammons has applied to be designated as an AAA authorized towing operation, but to date he has been denied an AAA contract.

This denial resulted in conflict between the two parties and, as the district court found,

the conflict has escalated over time from letter writing to confrontations between Sammons and AAA tow services and customers. In the spring of 1994, Sammons notified AAA that if it wanted to use his property to conduct AAA business, it would be required to pay an access fee of $25.00 per use. In the event Lone Tree Truck & Travel would receive an AAA contract, no access fee would be charged. On March 9, 1994, AAA dispatched a wrecker to provide service to one of its members whose automobile was disabled at Lone Tree Truck & Travel. Sammons informed the operator that the access fee had to be paid. The operator refused and the customer paid the fee in order to have his automobile towed from Sammons' property. On April 19, 1994, Sammons gave AAA written notification that the access fee was being increased to $50.00. AAA continued to dispatch operators to Lone Tree Truck & Travel and refused to pay the access fee.

On June 3, 1994, AAA dispatched a wrecker to Lone Tree Truck & Travel to repair a member's vehicle. During this incident, the Albany County Sheriff was called to the scene by Sammons. The sheriff's officer issued a warning to the parties. A few days later AAA filed for an injunction. The district court granted AAA's motion for summary judgment and issued an injunction against Sammons.

## DISCUSSION

This case presents a question of law concerning the property rights of a business. Questions of law are reviewed *de novo*. *Lucero v. Mathews*, 901 P.2d 1115, 1118 (Wyo.1995). Sammons contends his ownership of the property gives him the right to exclude AAA or charge it an access fee. AAA contends property rights are diminished when the owner invites the public onto his property.

Ownership of property implies the right of possession and control and includes the right to exclude others; that is, a true owner of land exercises full dominion and control over it and possesses the right to expel trespassers. *PruneYard Shopping Center v. Robins*, 447 U.S. 74, 82, 100 S.Ct.

2035, 2041, 64 L.Ed.2d 741 (1980). In Wyoming, the right to protect property is a state constitutional right. *Cross v. State*, 370 P.2d 371, 377 (Wyo.1962). Given that exclusive possession is a fundamental element of property ownership, the question then is whether that right is affected when a business gives its consent to the public to enter upon its premises for business purposes.

The United States Supreme Court has said that property does not "lose its private character merely because the public is generally invited to use it for designated purposes." *Lloyd Corp., Ltd., v. Tanner*, 407 U.S. 551, 569, 92 S.Ct. 2219, 2229, 33 L.Ed.2d 131 (1972). However, possessory property rights or authority may be extended to tenants, lessees, licensees, or invitees. *State v. Scholberg*, 395 N.W.2d 454, 456 (Minn.App. 1986). An invitation by a business to the public to enter its premises for business purposes constitutes a license to the public. *State v. Quinnell*, 277 Minn. 63, 151 N.W.2d 598, 602 (1967); *Mosher v. Cook United, Inc.*, 62 Ohio St.2d 316, 405 N.E.2d 720, 721 (1980).

A license is a privilege to do certain acts of a temporary character on the land of another which is revocable at the will of a licensor unless a definite time has been specified, or unless it is coupled with an interest. *Coumas v. Transcontinental Garage*, 68 Wyo. 99, 230 P.2d 748, 758 (1951). A license does not give any interest in the land, but means that one who possesses a license is not a trespasser. *Anthony Wilkinson Live Stock Co. v. McIlquam*, 14 Wyo. 209, 226–27, 83 P. 364, 369 (1905); *Metcalf v. Hart*, 3 Wyo. 513, 527, 27 P. 900, 905 (1891). A license may be created by parol, a writing, or can be implied from the acts of the parties, from their relations, and from usage and custom. *Kendrick v. Healy*, 27 Wyo. 123, 148, 192 P. 601, 610 (1920). Usually, an implied license is terminable at will. *See Coach House Restaurant, Inc. v. Coach and Six Restaurants, Inc.*, 934 F.2d 1551, 1563 (11th Cir.1991); *cf. Sarfaty v. Evangelist*, 142 A.D.2d 995, 530 N.Y.S.2d 417, 418 (4 Dept. 1988) (unless the conduct of the licensor

makes it inequitable to permit licensor to revoke license).

In revoking the license of one who has entered upon land, the licensor must give the licensee a reasonable opportunity to remove himself and his effects from the land. 5 RESTATEMENT OF PROPERTY § 519, 3133–36 (1944). Although a license has been revoked, the licensee must be given a reasonable opportunity to leave and during that time is not a trespasser. The licensee's presence on the land while leaving it with reasonable promptness and in a reasonable manner is privileged, as against the possessor. RESTATEMENT (SECOND) OF TORTS 2d § 176 (1965). Further, the Restatements explain that a licensee has a reasonable amount of time to remove his personal property from the land.

> If the possessor consents to the presence on the land of a thing which is to be removed at some time thereafter, and if such consent is terminated or suspended, one entitled to the immediate possession of the thing is privileged as against such possessor ... to be on the land at a reasonable time for the purpose of removing the thing in a reasonable manner and with reasonable promptness, unless he knows or has reason to know the time of such termination or suspension a reasonable period in advance.

*Steiger v. Burroughs,* 878 P.2d 131, 136 (Colo.App.1994) (quoting RESTATEMENT (SECOND) OF TORTS 2d § 177 (1965).

As noted in the comments to RESTATEMENT (SECOND) OF TORTS 2d § 177, the scope of the privilege extends to the bringing of such assistants and appliances as are reasonably necessary for removal of personal property on the possessor's land. RESTATEMENT (SECOND) OF TORTS 2d § 177 cmt. d (1965). What constitutes a reasonable time for removal will depend upon circumstances such as the size and condition of the object, weather, the facilities available, and the amount of time given as notice that the license has been revoked. *Steiger,* 878 P.2d at 136; RESTATEMENT (SECOND) OF TORTS § 177, cmt. e (1965).

In this case, it is clear that Sammons has invited motorists onto his property for the purposes of selling services, repairs, and products to them. He has impliedly consented to business invitees and their vehicles entering onto his premises for these purposes, conferring a license which he may revoke at will. Upon revocation of the license, however, motorists retain the privilege of reasonable egress and removal of their personal property in a reasonable manner. Motorists retain the privilege of contacting another towing company to assist them to remove their vehicles in a reasonable amount of time and in a reasonable manner and Sammons has no right to interfere.

Because AAA may enter and remove the property of a licensee at the licensee's request, it follows that, absent contract, Sammons may not charge an access fee to AAA or to the licensee. The district court's order granting summary judgment to AAA and issuing an injunction is affirmed.