Connie ESPANDER, Plaintiff–Appellant,

v.

Lester CRAMER, M.D., P.C., Defendant–Appellee.

No. 94CA0194.

Colorado Court of Appeals, Div. I.

Feb. 9, 1995.

Rehearing Denied March 16, 1995.

Certiorari Denied Oct. 2, 1995.

M. Patricia Marrison, Colorado Springs, for plaintiff-appellant.

Downey, Rauch & Sleeman, P.C., Arthur H. Downey, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Connie Espander, appeals the judgment dismissing her claim against defendant, Lester Cramer, M.D., P.C., for failing to comply with a court order directing her to file a certificate of review pursuant to § 13–20–602, C.R.S. (1994 Cum.Supp.). We affirm.

Plaintiff's complaint alleged that she first consulted Cramer for the purpose of obtaining treatment for numbness in her right little finger and pain in her right wrist. The complaint further alleged that she signed a consent form preceding surgery. The form stated in part:

> I have been further informed of the special problems that may follow my operation. . . . These problem areas are as follows:
>
> The wrist could lose 20% of its strength and motion, but should be pain free.

Defendant did not inform plaintiff he would insert pins into her wrist.

Subsequently, Cramer performed surgery on plaintiff and placed pins in her wrist. Following the surgery, plaintiff lost approximately 80% of the range of motion in her wrist.

Initially, the complaint named a hospital as a co-defendant and alleged three separate claims: (1) medical malpractice against defendant, (2) medical malpractice against the hospital, and (3) assault and battery and false imprisonment against defendant and the hospital. A later request to amend the complaint was denied and that denial is not contested on appeal. The trial court dismissed the first claim without prejudice pursuant to a request by plaintiff and dismissed the hospital co-defendant with prejudice pursuant to a stipulation by the parties.

The trial court ruled that the remaining claim was premised on two separate theories of recovery: one for battery for inserting pins into plaintiff's wrist without any prior disclosure, for which a certificate of review pursuant to § 13–20–602 was not necessary, and the other for lack of informed consent "based in part upon [Cramer's] representation of only a possible 20 percent decrease in the range of motion . . . where an 80 percent decrease in range is claimed. . . ." This characterization of plaintiff's claim is also not contested on appeal.

With regard to the lack of informed consent claim, the trial court concluded that, in order to recover, plaintiff would have to show that defendant negligently failed to obtain informed consent. Therefore, since plaintiff needed expert testimony to establish a prima facie case, the trial court ruled that the lack of informed consent claim did require a § 13–20–602 certificate of review. The court granted plaintiff 60 additional days to obtain the certificate of review and advised her that failure to file the certificate would result in dismissal of the claim with prejudice.

Upon defendant's motion, the trial court granted summary judgment dismissing the battery claim on the grounds that plaintiff filed the claim more than two years after it accrued. Plaintiff does not appeal the dismissal of this claim.

Plaintiff failed to file a certificate of review with respect to the lack of informed consent claim. Upon defendant's motion to dismiss, the trial court dismissed plaintiff's remaining claim.

■ Plaintiff asserts that a lack of full disclosure or a misleading disclosure of risks attendant to surgery vitiates the consent given and allows a claim of battery. We disagree.

The law in Colorado distinguishes between an action based on no consent (battery) and one based on lack of informed consent. *Blades v. DaFoe*, 666 P.2d 1126 (Colo.App.

1983), *rev'd on other grounds*, 704 P.2d 317 (Colo.1985).

 A physician who operates on a patient without the patient's consent, or who performs an operation different from that to which the patient consented, commits a battery and is liable for damages resulting therefrom, notwithstanding the exercise of reasonable care in performing the operation. However, if the patient consents to a surgical procedure but is uninformed about the risks of the surgery, the physician nevertheless may be liable in damages resulting from the patient's lack of informed consent. *Bloskas v. Murray*, 646 P.2d 907 (Colo.1982); *see also Van Leeuwan v. Nuzzi*, 810 F.Supp. 1120 (D.Colo.1993) (making the same distinction). In informed consent cases, the physician's duty to warn has evolved as a variant of medical malpractice. *Bloskas v. Murray, supra.*

Here, the consent form signed by plaintiff itemized general complications, the procedures to be performed by defendant on her wrist, and problem areas. Under these circumstances, what plaintiff characterizes as a battery does not constitute a cognizable claim.

Plaintiff, however, essentially asserts that, because a claim of battery is recognized when *no consent* is given, the same claim should be allowed if the consent is uninformed or is given without full information or on misleading information. Thus, according to plaintiff, performance of surgery with a different risk from that disclosed is identical to surgery with no consent or, alternatively, the failure to disclose fully will result in vitiation of the consent given. We reject these arguments.

Initially, we note that plaintiff concedes there is no authority in Colorado to support this assertion. Moreover, to the extent plaintiff relies upon *Cobbs v. Grant*, 8 Cal.3d 229, 104 Cal.Rptr. 505, 502 P.2d 1 (1972), that case merely refers to the concept of vitiated consent as an approach taken in earlier cases and states that the current majority trend, which the *Cobbs* court followed, categorizes failure to obtain informed consent as negligence, not battery.

Accordingly, plaintiff's claim is one of lack of informed consent and not battery.

## II.

 Plaintiff next contends that, even if her claim is for lack of informed consent, the court should allow the case to proceed in the absence of a certificate of review because the burden of showing the appropriate standard of care should be shifted to defendant. We disagree.

Section 13-20-602 provides in relevant part:

(1) In every action for damages or indemnity based upon the alleged professional negligence of a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review, for each licensed professional named as a party ... within sixty days after the service of the complaint, counterclaim, or cross claim against such licensed professional unless the court determines that a longer period is necessary for good cause shown.

. . . .

(3)(a) A certificate of review shall be executed by the attorney for the plaintiff or complainant declaring:

(I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and

(II) That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13-17-102(4).

. . . .

(4) The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim.

■ The certificate of review is required only with respect to those claims of professional negligence which require the plaintiff to establish a prima facie case by means of expert testimony. The language of § 13–20–602 is sufficiently broad to include every claim which requires proof of professional negligence as a predicate to recovery, whatever the formal designation of the claim. *Martinez v. Badis,* 842 P.2d 245 (Colo.1992).

In support of her assertion that a claim of liability based on lack of informed consent does not require expert testimony, plaintiff cites *Bloskas v. Murray, supra, Martin v. Bralliar,* 36 Colo.App. 254, 540 P.2d 1118 (1975), and *Stauffer v. Karabin,* 30 Colo.App. 357, 492 P.2d 862 (1971). However, since these cases address situations involving complete nondisclosure, they are not directly on point. Misassessment of the risk differs from total nondisclosure and, in our view, gives rise to a claim of professional negligence which requires expert testimony. *See Boigegrain v. Gilbert,* 784 P.2d 849 (Colo. App.1989) (except in clear and palpable cases, expert testimony is necessary to establish the standards of acceptable professional conduct, deviation from which would constitute professional malpractice).

Furthermore, *Stauffer v. Karabin, supra,* relies on authority which explicitly requires expert testimony to establish a case of lack of informed consent. *See Mallett v. Pirkey,* 171 Colo. 271, 466 P.2d 466 (1970) (physician has duty to inform patient of any substantial risk of a procedure to be performed and of specific risks, if such risks are known or ought to be known by the physician); *Natanson v. Kline,* 186 Kan. 393, 350 P.2d 1093, *modified as to another issue,* 187 Kan. 186, 354 P.2d 670 (1960) (duty of physician to disclose is limited to disclosures a reasonable medical practitioner would make under the same or similar circumstances); *Collins v. Meeker,* 198 Kan. 390, 424 P.2d 488 (1967) (when actual disclosures have been made and are ascertainable, expert medical testimony is required to establish that disclosures made did not accord to those which reasonable practitioners would divulge under the same or like circumstances); *Di Filippo v. Preston,* 53 Del. 539, 173 A.2d 333 (1961) (physician's duty to disclose depends on the factual circumstances and the general practice followed by medical profession in the locality; custom of medical profession to warn must be established by expert medical testimony).

The precise scope of the physician's duty of disclosure is determined on the basis of expert testimony demonstrating the extent of information given by reasonably careful physicians practicing the same specialty in the same or similar community. *Bloskas v. Murray, supra.* Therefore, even the determination whether the consent given was misinformed or given on the basis of incomplete or misleading disclosure concerning the degree of risk would require expert testimony.

Thus, the trial court did not err in requiring plaintiff to file a certificate of review pursuant to § 13–20–602.

■ Furthermore, dismissal of plaintiff's complaint was proper when plaintiff failed to file the certificate of review. Section 13–20–602(4), C.R.S. (1994 Cum.Supp.); *see also Rosenberg v. Grady,* 843 P.2d 25 (Colo.App. 1992).

The judgment is affirmed.

METZGER and CASEBOLT, JJ., concur.