Karen TEIKEN; Grace Williamson; Linda White; and Brenda Hearing, Plaintiffs–Appellants,

v.

Dr. Craig A. REYNOLDS, M.D.; Cosmetic Surgery of Colorado, a Colorado corporation; Cox–Uphoff International Corporation; Inamed Corporation; Dr. Charles German, M.D.; McGhan Medical Corporation; and Minnesota Mining & Manufacturing Co., Defendants–Appellees.

Nos. 94CA2036 to 94CA2039.

Colorado Court of Appeals, Div. IV.

Sept. 28, 1995.

Bell & Pollock, P.C., Chad P. Hemmat, James B. Fairbanks, Littleton, for Plaintiffs–Appellants.

Long & Jaudon, P.C., Joseph C. Jaudon, Alan D. Avery, Michael S. Drew, Denver, for Defendant–Appellee Dr. Craig A. Reynolds, M.D.

No Appearance for Defendants–Appellees Cosmetic Surgery of Colorado and Dr. Charles German, M.D.

Faegre & Benson, L.L.P., Russell O. Stewart, Denver, for Defendants–Appellees Cox–Uphoff International Corporation, Inamed Corporation, McGhan Medical Corporation and Minnesota Mining and Manufacturing Company.

Opinion by Judge KAPELKE.

In this consolidated appeal, plaintiffs, Karen Teiken, Grace Williamson, Linda White, and Brenda Hearing, appeal from the trial courts' judgments dismissing their deceptive trade practices claims against defendants Dr. Craig Reynolds, M.D., Cosmetic Surgery of Colorado, and Dr. Charles German, M.D. We affirm.

The plaintiffs filed separate actions asserting various claims arising from the manufacture and implantation of silicone filled breast prostheses. The claims against these defendants were dismissed for failure to file a certificate of review as required by § 13–20–602, C.R.S. (1994 Cum.Supp.).

Plaintiffs contend the trial courts erred in dismissing their deceptive trade practices claims brought under the Consumer Protection Act, § 6–1–101, et seq., C.R.S. (1992 Repl.Vol. 2). They assert that expert testimony is not needed to establish a claim under that statute and that, therefore, a certificate of review was not required to be filed in accordance with § 13–20–602. We disagree.

Section 13–20–602 requires plaintiff's counsel in an action against a licensed professional based upon negligence to file a certifi-

cate of review stating that he or she has consulted with an expert knowledgeable in the area of the alleged negligent conduct and that the expert has concluded the claim does not lack substantial justification. Failure to file such a certificate results in the dismissal of plaintiff's complaint. *Espander v. Cramer,* 903 P.2d 1171 (Colo.App.1995).

■ The certificate of review is required only with respect to those claims which require the plaintiff to establish a prima facie case by means of expert testimony. However, the provisions of § 13–20–602 apply to all claims which require proof of professional negligence as a predicate to recovery, regardless of the formal designation of such claims. *Martinez v. Badis,* 842 P.2d 245 (Colo.1992); *Espander v. Cramer, supra.*

■ Unless the subject matter of a medical malpractice action lies within the ambit of common knowledge or experience of ordinary persons, the plaintiff must establish by expert testimony the controlling standard of care ordinarily possessed and exercised by members of the same school of medicine practiced by the defendant, as well as defendant's failure to adhere to that standard. Without such expert testimony, the trier of fact would be left with no standard against which to evaluate the defendant's conduct. *Melville v. Southward,* 791 P.2d 383 (Colo. 1990); *see also Boigegrain v. Gilbert,* 784 P.2d 849 (Colo.App.1989) (except in clear and palpable cases, expert testimony is necessary to establish the standards of acceptable professional conduct, deviation from which would constitute professional malpractice).

In *Espander v. Cramer, supra,* a division of this court held that a claim based upon a physician's misassessment of the risks involved in a medical procedure gives rise to a claim for professional negligence and, therefore, requires expert testimony. Although the claim in *Espander* was designated as one for battery, the court looked to the nature of the allegations to ascertain whether a certificate of review had to be filed.

Similarly, in *Martinez v. Badis, supra,* the supreme court recognized that the certificate of review requirement may apply even to claims against a professional based on alleged breach of fiduciary duty or contract. As the supreme court emphasized:

> The statute applies to all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the duty.

*Martinez v. Badis,* 842 P.2d at 252.

Under the Consumer Protection Act, a person engages in a deceptive trade practice by, *inter alia,* "knowingly" making representations as to the characteristics or uses of a product. Section 6–1–105(e), C.R.S. (1992 Repl.Vol. 2). Here, plaintiffs alleged that these defendants violated that Act by misrepresenting to them the qualities, characteristics, suitability, and benefits of the breast implants and that the implants were of reputable quality and were safe and fit for the purpose intended.

Plaintiffs' allegations that these defendants misrepresented the risks involved in the implantation incorporate, and are based upon, the allegations in plaintiffs' professional negligence claims. Because expert testimony is required to establish such allegations and to establish the truth or falsity of defendant's alleged representations that the breast implants were medically safe and suitable, we agree with the trial courts' conclusion that the plaintiffs' claims based on violation of the Consumer Protection Act were subject to the certification requirements of § 13–20–602.

Plaintiffs' allegations of misrepresentation are essentially allegations of incomplete disclosure of risk and, therefore, require expert testimony to enable the jury to determine the accuracy of the representations and whether they were consistent with those made by other physicians of the same school of medicine practiced by defendant. *See Espander v. Cramer, supra; see also Mallett v. Pirkey,* 171 Colo. 271, 466 P.2d 466 (1970) (negligence principles are applicable to the informed consent aspect of actions against physicians).

Contrary to plaintiffs' contention, the trial courts did not err by dismissing their claims

without making an express finding that expert testimony was required. Specific findings are not required for a judgment entered pursuant to a motion under C.R.C.P. 56. C.R.C.P. 52; *United Bank v. Ferris*, 847 P.2d 146 (Colo.App.1992).

Accordingly, we conclude that the requirements of § 13–20–602 are applicable to plaintiffs' Consumer Protection Act claims here and that the trial court properly dismissed these claims based upon plaintiffs' failure to file a complying certificate of review. *See Martinez v. Badis, supra.*

The judgments are affirmed.

MARQUEZ and DAVIDSON, JJ., concur.