**Joanne M. BAUMGARTEN and Christian A. Baumgarten, Plaintiffs–Appellants,**

v.

**R. Donald COPPAGE and Harris Reitter, d/b/a Rocky Mountain Estate Group, an individual proprietorship, Defendants–Appellees.**

No. 99CA1893.

Colorado Court of Appeals, Div. IV.

Nov. 9, 2000.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.2000.

H. Paul Cohen, Denver, CO, for Plaintiffs–Appellants.

Thomas A. Walsh, Golden, CO, for Defendant–Appellee R. Donald Coppage.

Vernon A. Evans, Golden, CO; Joel M. Hunsaker, Arvada, CO, for Defendant Appellee Harris Reitter.

Opinion by Judge CASEBOLT.

In this action arising from the sale of a residence, plaintiffs, Joanne M. and Christian A. Baumgarten, appeal the judgment dismissing their complaint against defendants, R. Donald Coppage, and Harris Reiter d/b/a Rocky Mountain Real Estate Group, who are both licensed real estate brokers. The judgment was premised on plaintiffs' failure to comply with the certificate of review requirements of § 13–20–602, C.R.S.2000. We affirm in part, reverse in part, and remand for further proceedings.

Defendant Coppage owned the subject property. Plaintiffs purchased it through the listing of the property for sale with defendant Reiter's business, by whom Coppage was then employed. According to plaintiffs' complaint, unbeknownst to them, the residence they acquired had substantial hidden damage to its foundation walls. Plaintiffs further alleged that defendants had actual knowledge or should have known of the damage to the foundation walls, but did not disclose this damage to them. In addition, plaintiffs alleged that defendants had affirmatively misrepresented to them that there were no structural problems with the improvements on a property disclosure form.

Based on these allegations, plaintiffs sought to recover damages premised on defendants' alleged breach of a statutory duty of disclosure imposed on brokers under § 12–61–804(3)(a), C.R.S.2000. Further, they sought to recover damages on the basis that defendants had engaged in deceptive trade practices in violation of §§ 6–1–105(1)(e) and 6–1–105(1)(g), C.R.S.2000, of the Colorado Consumer Protection Act.

Defendants moved for dismissal based on plaintiffs' failure to file a certificate of review under § 13–20–602. Finding that statute applicable and that its requirements had not been met, the trial court granted the motion, and this appeal followed.

I.

Plaintiffs contend the trial court erred in dismissing their complaint because the requirement for a certificate of review does not apply here. We conclude that, to the extent plaintiffs' claims concern allegations that defendants breached statutory duties or standards that are based on defendant's actual knowledge, no certificate of review was required, and the dismissal of such claims cannot stand. However, to the extent that plaintiffs' claims involve allegations that defendants breached a standard of care premised on what they should have known, such claims were properly dismissed for lack of a certificate of review because expert testimony would be required to establish such claims under the facts alleged here.

Section 13–20–602 requires a plaintiff to file a certificate of review within sixty days of the service of the complaint as to any claim against a licensed professional based upon allegations of professional negligence that require expert testimony to establish a prima facie case. The purpose of the certificate of review requirement is to demonstrate that the plaintiff has consulted with a person who has expertise in the area and that the expert consulted has concluded that the claim does not lack substantial justification. *See* § 13–20–602; *State v. Nieto,* 993 P.2d 493 (Colo.2000); *Shelton v. Penrose/St.Francis Healthcare System,* 984 P.2d 623 (Colo.1999).

Failure to file a certificate of review, when one is required, must result in the dismissal of such claims. *See* § 13–20–602(4), C.R.S.2000; *Kelton v. Ramsey,* 961 P.2d 569 (Colo.App.1998).

The requirements of § 13–20–602 apply not only to negligence claims, but also apply to claims "based upon" the alleged professional negligence of a licensed professional. This broad statutory language in-

cludes every claim that requires proof of professional negligence as a predicate to recovery, whatever the formal designation of the claim may be. *Martinez v. Badis,* 842 P.2d 245 (Colo.1992).

■ Negligence claims are based on the premise that persons or entities have certain legislatively or judicially recognized duties toward others and are required to act reasonably to fulfill such duties. *Martinez v. Badis, supra.*

■ Initially, we agree with defendants' assertion that both of plaintiffs' claims are predicated on allegations that defendants, as licensed professionals, breached certain legislatively imposed duties or standards applicable to their professional responsibilities and business dealings. Thus, because these claims are essentially "based upon" allegations of failure to perform a professional duty within the meaning of *Martinez v. Badis, supra,* they are subject to the certificate of review requirements of § 13–20–602.

The dispositive issue, then, is whether expert testimony would be necessary to establish a prima facie case as to these claims. *See* § 13–20–602.

■ Plaintiffs' first claim is based on allegations that defendants breached a statutory duty of disclosure imposed on brokers to prospective buyers under the provisions of § 12–61–804(3)(a), which provides that:

> A broker acting as a seller's or landlord's agent owes no duty or obligation to the buyer or tenant; *except that a broker shall ... disclose to any prospective buyer* or tenant *all adverse material facts actually known by such broker.* Such adverse material facts may *include* but shall not be limited to *adverse material facts pertaining to* the title and *the physical condition of the property,* any material defects in the property, and any environmental hazards affecting the property which are required by law to be disclosed. (emphasis added)

Under these provisions, a broker's duty to disclose adverse material facts to a prospective buyer is limited to such adverse facts as are "actually known" by the broker. Consequently, to establish this claim, plaintiffs

need only prove that defendants had actual knowledge of adverse material facts pertaining to the physical condition of the residence and that they failed to disclose such facts to plaintiffs.

We agree with plaintiffs that no expert testimony would be necessary to establish such matters. As to this claim, the professional duty allegedly breached is based on a statutory standard involving a particular broker's actual knowledge. Hence, to establish a prima facie case, it would not be necessary for plaintiffs to present expert testimony concerning the standard of care generally applicable to brokers regarding disclosures. *See Melville v. Southward,* 791 P.2d 383 (Colo. 1990) (when subject matter of claim is within common knowledge of ordinary persons, expert testimony is not required). Accordingly, no certificate of review was required for this claim, and the trial court erred in dismissing it on such basis.

■ Plaintiffs' second claim is based on allegations that defendants breached other statutory standards in violation of the deceptive trade practices provisions set forth in §§ 6–1–105(1)(e) and 6–1–105(1)(g).

Section 6–1–105(1), C.R.S.2000, provides, in pertinent part, that:

> A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person:
>
> (e) *Knowingly makes a false representation* as to the *characteristics,* ingredients, uses, benefits, alterations, or quantities of goods, food, services, or *property ...* [or]
>
> ...
>
> (g) *Represents that* goods, food, services, or *property are of a particular standard, quality, or grade,* or that goods are of a particular style or model, *if he knows or should know that they are of another.* (emphasis added)

Thus, deceptive trade practices of the type described in § 6–1–105(1)(e) involve "knowingly" making false representations as to the characteristics of property, while deceptive trade practices of the type described in § 6–1–105(1)(g) involve making misrepresentations as to the particular standard or quality of property when the person either "knows"

or "should know" that the property is not as represented.

Concerning the portion of plaintiffs' claim based on § 6–1–105(1)(e) and the first type of misrepresentation under § 6–1–105(1)(g), the statutory standard allegedly breached by defendants is again based on their actual knowledge. As with the first claim, we agree with plaintiffs that no expert testimony would be necessary to establish the portion of their second claim that is based on allegations that defendants knowingly made certain inaccurate representations. Consequently, plaintiffs also were not required to file a certificate of review as to this portion of their second claim, and the trial court erred in dismissing that part of this claim as well.

■ However, as to that part of plaintiffs' second claim that is based on the second type of misrepresentation under § 6–1–105(1)(g), the statutory standard allegedly breached by defendants is based on what they should have known. We agree with defendants that, under the allegations made here, expert testimony would be necessary to establish a prima facie case regarding this portion of the claim.

Plaintiffs alleged that the residence had substantial hidden damage to its foundation walls, about which defendants should have known and concerning which they should have disclosed. Only after expert testimony was presented establishing the standard of care could it be determined what a broker should have known concerning such hidden damage in this house, and whether defendants' conduct comported with the standards generally applicable to brokers in such situations. Thus, a certificate of review as to this portion of plaintiffs' second claim was required, and the absence thereof properly resulted in its dismissal.

Contrary to defendants' contention, this disposition is not inconsistent with *Teiken v. Reynolds*, 904 P.2d 1387 (Colo.App.1995) in which the court upheld the dismissal of certain deceptive trade practices claims in medical malpractice context based upon plaintiffs' failure to file certificate of review. There, in a medical malpractice action, a division of this court noted that plaintiffs had alleged that the defendants violated the Consumer Protection Act by misrepresenting the quali-

ties, characteristics, suitability, and benefits of breast implants and that the implants were of reputable quality and were safe and fit for the purpose intended. The division further noted that plaintiffs' allegations that these defendants misrepresented the risks involved in the implantation incorporated, and were based upon, the allegations in plaintiffs' professional negligence claims.

The division held that, because expert testimony was required to establish such allegations and to establish the truth or falsity of defendant's alleged representations that the breast implants were medically safe and suitable, the plaintiffs' claims based on violation of the Consumer Protection Act were subject to the certification requirements of § 13–20–602. The division noted that plaintiffs' allegations of misrepresentation were essentially allegations of incomplete disclosure of risk and, therefore, expert testimony was required to enable the jury to determine the accuracy of the representations and whether they were consistent with those made by other physicians of the same school of medicine practiced by defendant.

Here, in contrast, there is no common-law professional negligence claim incorporated in the allegations, and no expert testimony is necessary to establish whether defendants made representations that the property met certain grades, standards, or qualifications which they actually knew were not accurate. For these reasons, the *Teiken* decision is distinguishable.

We also note that neither party has raised or addressed whether the claims under the Consumer Protection Act are viable in light of *Hall v. Walter*, 969 P.2d 224 (Colo.1998). Accordingly, we will not consider such issues.

The judgment of dismissal is affirmed as to the portion of plaintiffs' second claim based on what defendants should have known. The judgment of dismissal is reversed as to the other claims, and the cause is remanded for further proceedings.

Judge MARQUEZ and Judge TAUBMAN, concur.