**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LEO SIMMONS,

     Plaintiff-Appellant,

v.

JOHN SUTHERS; DONICE NEAL;
BOBBY LYNN; JOHN DOE
LIEUTENANT OF MAINTENANCE;
JOHN DOE TRANSPORTATION
OFFICERS FROM HOSPITAL;
OFFICER RAMOS; ST. THOMAS
MORE HOSPITAL MEDICAL
STAFF; JOHN DOE NON STAFF
PHYSICIAN TOLLETT, MICHAEL
TOLLETT, D.O., NON STAFF
PHYSICIAN

     Defendants-Appellees.

No. 00-1249
(D.C. No. 99-M-1228)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR, BALDOCK,** and **LUCERO** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Leo Simmons, a state prisoner appearing pro se, appeals the district court's dismissal of his amended complaint alleging that Colorado Department of Corrections (DOC) defendants violated his civil rights under 42 U.S.C. § 1983. Invoking supplemental jurisdiction under 28 U.S.C. § 1367, Mr. Simmons also alleged that the medical defendants denied him proper medical care, committed malpractice, and violated other Colorado state laws.

At the time of the events in question, Mr. Simmons was incarcerated at the Four Mile Correctional Facility (FMCF) in Cañon City, Colorado. He filed his initial civil rights complaint in the District of Colorado on June 30, 1999. Because his allegations were vague and conclusory and failed to link any of the named defendants to any of the alleged civil rights violations, the district court ordered him to file an amended complaint within thirty days. The district court warned Mr. Simmons that he was obligated to clearly identify the personal participation of each named defendant with respect to any allegations and to clearly assert the acts each defendant allegedly committed.

In his amended complaint, Mr. Simmons alleged very generally that defendants John Suthers, the Executive Director of the DOC, and Donice Neal, the administrative head of the DOC, allowed DOC officers to break the law, and that DOC Officer Bobby Lynn, failed to "stop the abuse." R. Doc. 21, at 1a. More specifically, he alleged that on May 13, 1999, DOC Officer Lisa Ramos ordered him to report to work at the FMCF maintenance department even though he was sick and that unnamed DOC maintenance officers forced him to work, even though he was under medical restrictions. He claimed he was injured while working in the maintenance department, and had to be taken to the defendant St. Thomas More Hospital. He claimed that at the hospital, defendant Dr. Michael Tollett assaulted him with an ink pen and denied him professional medical care by giving him fake medicine. Mr. Simmons then alleged that upon discharge from the hospital that day, unnamed DOC transportation officers threw him into a van, causing him to jam his neck, and threw him from the van to the ground upon his return to prison.

The district court dismissed Mr. Simmons' amended complaint against defendants Suthers, Neal, and Lynn because he failed to allege any personal participation or conduct by these individuals that allegedly deprived him of a federal right. R. Doc. 23, at 3-4, *see Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (holding that personal participation is an essential element of a

civil rights claim; mere allegation of supervisory status insufficient). The district court also dismissed the complaint against St. Thomas More Hospital because Mr. Simmons failed to assert any factual allegations of wrongdoing by the defendant hospital. R. Doc. 33.

The district court subsequently granted defendant Ramos' motion for summary judgment because she presented evidence, uncontroverted by Mr. Simmons, that Mr. Simmons was not under any medical restrictions on May 13, 1999, and therefore was under no restrictions preventing him from working in the maintenance department that day. Thus, the district court ruled that Mr. Simmons failed to provide any evidentiary support for his allegations against Ms. Ramos. R. Doc. 55, at 1.

Because Mr. Simmons' allegations against Dr. Tollett were based on claims of professional negligence against a licensed professional, the district court directed him to file a certificate of review, as required by Colorado law, or his complaint would be dismissed. *See* Colo. Rev. Stat. § 13-20-602 (requiring written statement that plaintiff consulted with expert who agreed action did not lack substantial justification); *Baumgarten v. Coppage*, 15 P.3d 304, 306 (Colo. Ct. App. 2000) (holding that Colorado's certificate of review requirements apply to any claim "based upon" allegations of professional negligence by licensed professional). Mr. Simmons failed to file a certificate of review within

the deadline, and the court dismissed his complaint against Dr. Tollett. R. Doc. 63. The John Doe defendants were never properly identified or served. As all claims against all served defendants had been dismissed, the district court entered a final judgment dismissing the amended complaint in its entirety.

This appeal followed. Simmons sought leave from the district court to proceed *in forma pauperis* on appeal, but the district court denied his request. Simmons has renewed his motion with this court. In order to succeed on his motion, Simmons must show both an inability to pay the filing fee and the existence of a nonfrivolous issue on appeal that states a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). We have carefully reviewed Mr. Simmons arguments on appeal, the district court's orders of dismissal, and the entire record on appeal. Mr. Simmons has failed to offer on appeal any legally justified basis for reversing the district court's judgment of dismissal, and it is clear the district court did not err in its disposition. We conclude Mr. Simmons' appeal has no arguable basis for relief in either law or fact. Accordingly, we deny leave to proceed *in forma pauperis* and dismiss this appeal on the ground that it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This dismissal counts as a "prior occasion" or "strike" for the purposes of the "three strikes" provision of the Prison Litigation Reform Act, as set forth in

28 U.S.C. § 1915(g). [1] We note that Mr. Simmons has at least one other "prior occasion" or "strike" under § 1915(g). *See Simmons v. [No Appellee Named on Appeal]*, No. 99-1395, 1999 WL 1243082 (10th Cir. Dec. 21, 1999) (dismissing appeal, finding it frivolous and counting dismissal as a "strike").

The motion to proceed *in forma pauperis* is denied and the appeal is DISMISSED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[1]     Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [in forma pauperis ] if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.