24CA1828 Baer v Weaver 11-26-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1828
City and County of Denver District Court No. 23CV31571
Honorable David H. Goldberg, Judge

Baer-Paik Family Living Trust and Merritt Baer,

Plaintiffs-Appellees,

v.

Jonathan Weaver,

Defendant-Appellant.

ORDERS AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE PAWAR
Yun and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

Ross-Shannon & Proctor, P.C., Joshua R. Proctor, Lakewood, Colorado, for
Plaintiffs-Appellees

Westerfield & Martin, LLC, Zachary S. Westerfield, Denver, Colorado, for
Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     In this real estate dispute, defendant, Jonathan Weaver, appeals the trial court's orders striking his designation of nonparties at fault and denying his motion for post-trial relief from the jury's verdict in favor of plaintiffs, Baer-Paik Family Living Trust and Merritt Baer (collectively, Baer-Paik).  We affirm.

## I.     Background

¶ 2     Baer-Paik (buyer) and Weaver (seller) entered into a contract to buy and sell a house in a historic residential district in Denver.  After closing, Baer-Paik received notices of zoning violations from the city and county.  The notices indicated that Weaver had replaced windows and made other changes to the site without obtaining the required zoning and building permits, and Baer-Paik, as the current owner, was required to fix the violations, subject to civil and criminal sanctions.

¶ 3     Baer-Paik brought claims against Weaver for breach of contract, negligent misrepresentation, and fraudulent concealment/nondisclosure.

¶ 4     Before trial, Weaver sought to designate Baer-Paik's real estate agents as nonparties at fault.  He argued that the agents breached their professional duties by failing to disclose communications they

1

had with his broker regarding the windows, failing to advise Baer-Paik to consult with the appropriate governmental offices regarding the requirements for window replacement, and failing to advise Baer-Paik to seek legal counsel.  As a result, Weaver argued, the agents caused Baer-Paik's losses.  Baer-Paik filed a motion to strike the designation because it was not supported by a certificate of review as required for actions against licensed professionals, and because it failed to establish a prima facie case for negligence.  The trial court granted the motion to strike in a written order.

¶ 5    The case proceeded to trial, where a jury found in Baer-Paik's favor.  The jury awarded $220,000 in damages for fraudulent concealment/nondisclosure and $270,000 for breach of contract.  It found Weaver liable for negligent misrepresentation but awarded no damages on that claim.

¶ 6    Weaver filed a motion for post-trial relief, arguing that the jury's damages awards were duplicative because they were based on the same facts.  The trial court denied the motion.

¶ 7    Weaver appeals, arguing that the trial court abused its discretion by striking his designation of nonparties at fault and by

2

improperly denying his motion for post-trial relief. We disagree with Weaver's arguments and affirm.

## II. Designation of Nonparties at Fault

¶ 8　　The trial court struck Weaver's designation of Baer-Paik's real estate agents as nonparties at fault because determining whether the agents breached their standards of care as licensed professionals required expert testimony, and Weaver failed to file a certificate of review. The court noted that the case involved "liens, impediments, encumbrances, zoning violations, and defects affecting the property in question," as well as "unique ordinances and municipal requirements because the house is located within a historic district."

¶ 9　　We review the court's determination that the applicable standard of care requires expert testimony for an abuse of discretion. *See Hice v. Lott*, 223 P.3d 139, 143 (Colo. App. 2009). We find none.

### A. Applicable Law

¶ 10　　In civil liability cases, defendants may designate nonparties they contend are wholly or partially at fault by giving notice under section 13–21–111.5(3)(b), C.R.S. 2025. *Redden v. SCI Colo.*

*Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001). Such designations must include the nonparty's name, last-known address, and a brief statement of the basis for the nonparty's fault. *Id.* If the nonparty is a licensed professional and expert testimony is necessary to establish a prima facie case of negligence, the designation must also include a certificate of review under section 13-20-602(1), C.R.S. 2025. *Id.*; *Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992).

¶ 11 Establishing a standard of care in a professional negligence case normally requires an expert to explain it because ordinary people are not familiar with the applicable standards. *Hice*, 223 P.3d at 143. However, expert testimony is unnecessary if the relevant standard of care can be understood by a layperson. *Id.*

¶ 12 In reviewing a court's decision regarding the designation of nonparties at fault, we "construe designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Redden*, 38 P.3d at 80.

### B. Discussion

¶ 13 We agree with the trial court that expert testimony was necessary to prove that the nonparties were at fault in this case. Weaver's designation of Baer-Paik's agents as nonparties at fault

4

alleged that the agents failed to disclose information about whether the window replacement in the house conformed to the requirements for a historic residential district or to advise Baer-Paik to seek additional information and legal counsel about the same. While Weaver attempts to cast the agents' duties as clear and straightforward — asserting simply that they had information they were required to disclose and failed to disclose it — we conclude the kind of information involved in Baer-Paik's negligence claim is more complex. As the trial court observed, determining whether such failure amounted to a breach of the agents' professional duty required an understanding of the relevant rules at play — including the applicable zoning, building, and other legal requirements.

¶ 14 For the same reason, we reject Weaver's assertion that a layperson could determine whether the agents were professionally negligent in failing to advise Baer-Paik to seek more information from the relevant governmental entities or to obtain legal advice regarding the windows. Weaver argues these issues had nothing to do with the complex regulatory context cited by the trial court. But this part of his designation also requires an understanding of the underlying legal landscape. That is, for a jury to determine whether

the agents had a professional duty to tell Baer-Paik to seek additional information and legal advice about the windows' compliance with historic district requirements, it must have some understanding of those requirements.[1] Strictly construing Weaver's designation of nonparties at fault, as we must, we conclude the trial court properly exercised its discretion in determining that expert testimony was required to explain the applicable standards of care.

¶ 15    We are not persuaded otherwise by Weaver's reliance on *Baumgarten v. Coppage*, 15 P.3d 304, 306 (Colo. App. 2000). In that case, the buyers alleged that the seller's real estate brokers — one of whom was also the seller — actually knew or should have known about hidden damage to the foundation walls and failed to disclose that information to them. *Id.* The division noted that the seller's brokers had a statutory duty to disclose to the buyers "adverse material facts" known to them. *Id.* at 307 (citing § 12-61-804(3)(a), C.R.S. 2000 (current version at § 12-10-404, C.R.S. 2025)). Because the statute established this duty and a defective

---

[1] Indeed, in his reply brief, Weaver acknowledges that "the issue of . . . replacing the windows involved the application of various codes, regulations or other requirements and that the nonparties should have advised [Baer-Paik] to obtain expert advice."

foundation is obviously material information, the court concluded that no expert testimony was necessary to establish the buyers' claim against the brokers. *Id.*

¶ 16     *Baumgarten* is distinguishable. Weaver does not point to any statute requiring real estate agents to affirmatively disclose the requirements for window replacement in a historic residential district. And whether Baer-Paik's agents had such a duty is far more complex than the duty to disclose a known defective foundation as an "adverse material fact[]" under a statute. Thus, *Baumgarten* does not support the conclusion that no expert testimony was required in this case.

### III.     No Duplicative Damages

¶ 17     Next, Weaver argues the trial court erred by denying his motion for post-trial relief because the jury's verdict awarded Baer-Paik double damages. We disagree.

¶ 18     The trial court instructed the jury that, for purposes of a breach of contract claim, "general damages" means the amount required to compensate Baer-Paik for losses resulting from Weaver's breach of contract and, if general damages were proved, the jury must award "[t]he reasonable cost to bring the property into

7

compliance with [the relevant] regulations, codes, and guidelines." For this claim, the jury awarded $270,000 in general damages.

¶ 19    Regarding Baer-Paik's fraudulent concealment/nondisclosure claim, the trial court instructed the jury that it must consider "[t]he difference between the market value of the property and what its value would have been had the representation been true" and "[t]he reasonable cost to repair the property."  In awarding $220,000 in damages for this claim, the jury delineated that the entire award was for loss of market value.  It awarded no damages for the cost of repair.

¶ 20    On this record, we conclude the trial court properly determined there were no duplicative damages.  While Weaver argues the above claims were based on the same facts, the instructions and jury verdicts, viewed together, make clear that the damages awards were based on different losses resulting from different conduct.  Therefore, Baer-Paik did not receive double recovery for the same wrong.

¶ 21    Weaver's arguments do not persuade us to reach a different conclusion.  Without acknowledging the above instructions or carefully delineated jury verdict forms, he argues the damages

8

awards must have been duplicative because the trial court instructed the jury that Baer-Paik "sued for the same damages on different relief." But this instruction continued, "If you find for [Baer-Paik] on more than one claim for relief, you may award them damages only once for the same damages." In other words, this instruction, like the others, sought to *prevent* double recovery, not allow it.

¶ 22　We must assume the jury followed the court's instruction prohibiting multiple recoveries for the same damages. *See Schuessler v. Wolter*, 2012 COA 86, ¶¶ 64-65. And, in any event, as described above, the jury clarified its damages awards to eliminate any doubt. Because the trial court properly determined there was no double recovery, Weaver is not entitled to relief.

## IV.　Attorney Fees

¶ 23　Finally, Baer-Paik requests an award of reasonable attorney fees and costs incurred on appeal. The parties' contract provides that the prevailing party in any related litigation is entitled to all reasonable costs and expenses, including attorney fees. Applying this provision, we grant Baer-Paik's request.

## V.    Disposition

¶ 24    The orders are affirmed, and the case is remanded to the trial court for a determination and award of Baer-Paik's reasonable attorney fees and costs incurred on appeal.

JUDGE YUN and JUDGE HAWTHORNE concur.